R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
P. ROWLAND GRAFF
Nevada Bar No. 015050
CORY READE DOWS AND SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
creade@crdslaw.com
rgraff@crdslaw.com
Attorneys for Creditors EUGENE TUMBARELLO
and SHAMROCK PAINTING INC.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

ELIZABETH ANN RAMSEY,

    Debtors.

Case No..: 21-10230-mkn
Chapter    7

**Date of Hearing:** **April 7, 2021**
**Time of Hearing:** **1:30 p.m.**

## **OPPOSITION TO MOTION TO LIFT STAY *NUNC PRO TUNC* OR TO LIFT STAY**

COMES NOW Creditors SHAMROCK PAINTING INC. and EUGENE TUMBARELLO (hereinafter "CREDITORS"), by and through their counsel Cory Reade Dows & Shafer, and files their opposition to the Motion to Lift Stay *Nunc Pro Tunc* or to Lift Stay ("Motion").

## **POINTS AND AUTHORITIES**

Debtor Elizabeth Ramsey ("RAMSEY") has filed her Motion to lift the automatic stay, but this motion is moot and should be dismissed. The automatic stay expired on February 18, 2021 as a matter of law. As this motion was filed on March 3, 2021, there is no automatic stay in place that this Court may lift. Next, the order that Debtor is seeking to appeal is not an appealable order in the state court. Lastly, even if court found that lifting the stay was relief that was available to the Debtor, she has not met the requirements to have the stay lifted. For those reasons, the court should deny this motion.

## ARGUMENT

**I.     THIS MOTION SHOULD BE DENIED BECAUSE IT IS MOOT.**

Debtor ELIZABETH RAMSEY has failed to request any relief that the court can grant. "We have repeatedly held that an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." Already, LLC v. Nike, Inc., 568 U.S. 85, 90-91, 133 S. Ct. 721, 726, 184 L. Ed. 2d 553, 560 (2013) (cleaned up). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Id. at 91 (cleaned up). This motion is moot as there is no automatic stay for the court to lift. The automatic stay expired on February 18, 2021 as a matter of law. Order on Amended Motion for Continuation of Automatic Stay after Prior Dismissal within year of Filing Pursuant to 11 U.S.C. § 362(c)(3)(B) and (C)("Order") p 15, attached as Exhibit "1".

RAMSEY is seeking to lift the stay to continue an appeal in the Nevada State Courts. RAMSEY admitted that the filing of the notice of appeal was not authorized, was a violation of the automatic stay and was a void act under Schwartz v. US (In re Schwartz), 954 F2.d 569, 571 (9th Cir. 1992). Order p 13. This Court has already ruled that RAMSEY's actions in filing the appeal were void as a matter of law. As the filing of the appeal was *void ab initio*, lifting the stay now cannot make the appeal a proper filing.

Lastly, the denial of the homestead exemption is not an appealable issue. "[The Nevada Supreme Court] lacks jurisdiction to review the orders denying the claims of exemption on appeal." Superpumper, Inc. v. Leonard, 2020 Nev. Unpub. LEXIS 277 (Unpublished Disposition Docket Nos. 79355 & 80214 Order Dismissing Appeal and Regarding Motions, March 6, 2020), attached hereto as Exhibit "2". As the request to lift the stay is moot, the court should deny this motion in its entirety.

## II. UNDER THE EQUITABLE BALANCING OF THE FJELDSTED FACTORS, RAMSEY DOES NOT QUALIFY FOR A RETROACTIVE LIFTING OF THE STAY.

In its inherent powers, the Court has the equitable ability to enter an order *nunc pro tunc*. A simple review of the facts of this case will show that RAMSEY does not qualify in equity for this relief. On October 8, 2020, the Eight Judicial District Court for Clark County Nevada ("State Court") entered an Order denying RAMSEY's claim of Exemption on the 1201 Westland property. See Order Denying Judgment Debtors' Claims of Exemption form Execution, Granting Motion to Void Homestead on 1201 Westlund Property and Compelling compliance by Judgment Debtor Elizabeth Ramsey ("Exemption Order"), attached as Exhibit "3". On December 24, 2020, the State Court entered an Order denying RAMSEY's Motion for Reconsideration. Order Denying Judgment Debtor Elizabeth Ramsey's Motion to Reconsider Order entered October 8th, 2020 ("Reconsideration Order"), attached as Exhibit "4". These are the two Orders that RAMSEY has sought to appeal. See Notice of Appeal, attached as Exhibit "5". RAMSEY had 30 days to file an appeal after notice of the entry of the judgment or order is filed. NRAP 4(a). RAMSEY filed her Petition on January 19, 2021. *See* Voluntary Petition for Individuals Filing for Bankruptcy ("Petition"), attached as Exhibit "6". RAMSEY filed the Notice of Appeal on January 21, 2020. See Notice of Appeal. RAMSEY very intentionally and willfully violated the Automatic Stay by filing an Appeal that RAMSEY knew she was prohibited from filing.

The proper standard for determining "cause" to annul the automatic stay retroactively is a "balancing of the equities" test. Fjeldsted v. Lien (In re Fjeldsted), 293 B.R. 12, 24-25 (B.A.P. 9th Cir. 2003). Courts employ many other factors, which further examine the debtor's and creditor's good faith, the prejudice to the parties, and the judicial or practical efficacy of annulling the stay:
1. Number of filings;
2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;
3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser;
4. The Debtor's overall good faith (totality of circumstances test):
5. Whether creditors (or in this case the Debtor) knew of stay but nonetheless took action, thus compounding the problem;
6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules;

3

> 7. The relative ease of restoring parties to the *status quo ante;*
> 8. The costs of annulment to debtors and creditors;
> 9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;
> 10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;
> 11. Whether annulment of the stay will cause irreparable injury to the debtor/creditors;
> 12. Whether stay relief will promote judicial economy or other efficiencies.

Mindful that such lists are capable of being misconstrued as inviting arithmetic reasoning, courts are directed that emphasize that these items are merely a framework for analysis and not a scorecard. In any given case, one factor may so outweigh the others as to be dispositive. Id.

The first and second Fjeldsted factors are related. Fjeldsted v. Lien (In re Fjeldsted), 293 B.R. 12, 25 (B.A.P. 9th Cir. 2003). This the RAMSEY's second bankruptcy in the last year. See Petition p 3. RAMSEY first Bankruptcy was dismissed for failure to file required information required by law. See Order pp 2–3 & 4. Further, RAMSEY is attempting to hinder and delay creditors as she filed a Chapter 7, which would discharge her debts without payments to creditors, but she has significant monthly disposable income to pay creditors, including over $2000 per month in voluntary contribution to her retirement plans. See Order p 11. RAMSEY has also claimed an equitable interest in 1207 Westlund Drive. See Schedule A/B: Property p 2, attached as Exhibit "7". However, 1207 Westland was sold at a sheriff sale and any equitable interest in 1207 Westlund was extinguished on August 4, 2020, when the sheriff's Deed was recorded. See Sheriff's Deed, attached as Exhibit "8".

The third Fjeldsted factor (Fjeldsted at 25) is not relevant as RAMSEY filed the Appeal in violation of the automatic stay and there is not any bona fide purchaser. Under the fourth Fjeldsted factor, RAMSEY has again missed the mark. The factor is not that Ramsey filed in bad faith, but Ramsey need to show that she filed in good faith. For the fourth Fjeldsted factor, RAMSEY states she did not file in bad faith. See Motion p 4. However, as the movant, RAMSEY has the burden to show the over all good faith of the filing. The Fjeldsted court cited to Fid. & Cas. Co. of N.Y. v.

4

Warren (In re Warren), 89 B.R. 87, 93 (9th Cir. BAP 1988), which provided 11 factors for the court to determine good faith on a case-by case basis. RAMSEY's has failed to make any argument related to these good faith factors and as such cannot meet her burden.

The fifth and tenth Fjeldsted factors are not relevant because it was RAMSEY's actions not a creditor's that violated the automatic stay. Fjeldsted at 25. The sixth Fjeldsted factor is whether RAMSEY is complying with the Bankruptcy Code and Rules. Fjeldsted at 25. Ramsey did not comply with the Bankruptcy Code and rules in the Chapter 13 case. See Order pp 2–3 & 4. RAMSEY has done better at compiling in the Chapter 7 case, however, the court pointed out may deficiencies in its Order. See Order. The seventh and eight Fjeldsted factors are in favor of granting the relief because the filing of the appeal has not changed the status que ante of the parties. "The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy," GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (cleaned up). The cost to the parties is also limited as the appeal is still in its infancy.

Ramsey has not moved quickly to set aside the violative conduct as required in the eight Fjeldsted factors. Id. at 25. RAMSEY decided when she wanted to file both this bankruptcy and the notice of appeal. RAMSEY did not move to annul the Stay to allow RAMSEY to file her Appeal; to the contrary, RAMSEY moved this Court to *extend* the automatic stay and never even mentioned that RAMSEY had violated the stay. When RAMSEY filed this instant bankruptcy, twenty-six of RAMSEY's thirty days to file the appeal had expired. RAMSEY could have easily prevented this problem by not filing her Petition until after the appeal was filed. RAMSEY filed the Notice of Appeal on January 21, 2020. RAMSEY did not file this Motion until March 6, 2021 45 days after the violative conduct.

The eleventh Fjeldsted factors is not in favor of granting the relief. Fjeldsted at 25. RAMSEY has stated that it would cause irreparable harm but does not say what is the harm. See Motion p 5. RAMSEY cannot meet this burden as she has not provided any fact showing how she will be irreparably harmed. In support of the twelfth Fjeldsted factors (Fjeldsted at 25), Ramsey has only claimed that this will promote judicial economy because it will prevent two concurrent appeals. However, as the first appeal filing was a void act (In re Schwartz at 571), there would only be the second appeal, if it is ever filed.

Under the Fjeldsted factors, the balancing of the equities does not allow RAMSEY to receive retroactive relief. A *nunc pro tunc* order may only be entered to reflect what has already occurred before the court. Roman Catholic Archdiocese of San Juan v. Feliciano, 140 S. Ct. 696, 700–701 (2020). "Put colorfully, nunc pro tunc orders are not some Orwellian vehicle for revisionist history—creating facts that never occurred in fact." Roman Catholic Archdiocese of San Juan at 701 (cleaned up).

## CONCLUSION

RAMSEY's motion to lift the automatic stay is moot. The stay had expired almost a month prior to RAMSEY filing her motion. RAMSEY is also not entitled to an order lifting the automatic stay *nunc pro tunc*. A *nunc pro tunc* order can only be entered to fix the record to reflect what actually happened. It cannot be used to change the facts, as RAMSEY has requested.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

Lastly, even if the court was able to grant a *nunc pro tunc* order, the equities of this case would not allow RAMSEY the relief requested. Under the Fjeldsted factors, most of the factor are balanced denying the relief. RAMSEY has also failed to provide anything but conclusions that each factor supports her position. RAMSEY has the burden to show that the Fjeldsted factors apply in order for her to receive the relief. As she has failed to provide any evidence, the court cannot grant the request relief. For the above reasons, the court should deny the motion to lift the stay as moot and the request for a *nunc pro tunc* order as not being allowed at law.

DATED this 24th day of March, 2021.

CORY READE DOWS AND SHAFER

By: /s/ R. Christopher Reade
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
P ROWLAND GRAFF, ESQ.
Nevada Bar No. 015050
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
Attorneys for EUGENE TUMBARELLO and SHAMROCK PAINTING INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2021, that I completed service of the foregoing OPPOSITION TO MOTION TO LIFT STAY NUNC PRO TUNC OR TO LIFT STAY by electronic service in accordance with Administrative Order 02-1 of the United States Bankruptcy Court for the District of Nevada on the date hereof and that said service was completed through the Notice of Electronic Filing automatically generated by said Court.

                                                    /s/ Elizabeth Arthur
                                      An employee of Cory Reade Dows and Shafer