R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
CORY READE DOWS AND SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
cread@crdslaw.com
Attorneys for Creditors EUGENE TUMBARELLO
and SHAMROCK PAINTING INC.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>ELIZABETH ANN RAMSEY,<br><br>Debtors. | Case No..: 21-10230-mkn<br>Chapter    7<br><br>**CREDITORS EUGENE TUMBARELLO AND SHAMROCK PAINTING INC.'S REPLY IN SUPPORT OF OBJECTION TO DEBTOR ELIZABETH ANN RAMSEY'S CLAIM OF HOMESTEAD EXEMPTION**<br><br>Date: April 14th, 2021<br>Time: 2:30 p.m. |

COMES NOW Creditors SHAMROCK PAINTING INC. and EUGENE TUMBARELLO (hereinafter "CREDITORS"), by and through their counsel Cory Reade Dows & Shafer, hereby files their Reply Brief in Support of Objection to Debtor ELIZABETH ANN RAMSEY's ("Debtor" or "RAMSEY") claim of homestead exemption. Creditors respectfully request that this Court deny Debtors' requested homestead exemption because any equity that Debtor RAMSEY has asserted in the residence at 1201 Westlund Avenue, Las Vegas, Nevada 89102 ("Subject Property") is a direct result of fraudulent conduct by Debtor RAMSEY and which has already been adjudicated by the Eighth Judicial District Court in and for the State of Nevada as voiding Debtor RAMSEY's claim of homestead.

. . . .

. . . .

. . . .

This Reply Brief is based on the attached memorandum of points and authorities, the attached exhibits and any oral arguments this Court may hear at the time of hearing.

DATED this 7th day of April, 2021.

CORY READE DOWS AND SHAFER

By: /s/ R. Christopher Reade
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
Attorneys for Creditors EUGENE TUMBARELLO
and SHAMROCK PAINTING INC.

## POINTS AND AUTHORITIES

### A. Introduction

This Court is aware of the underlying facts in this matter and has recently entered an Order that has recognized that the homestead claimed by Debtor Elizabeth Ramsey ("RAMSEY") in and to the property at 1201 Westlund, Las Vegas, Nevada 89102 ("Subject Property" or "1201 Property") has been adjudicated before the Eighth Judicial District Court in and for the State of Nevada ("Nevada State Court") as void pursuant to Maki v. Chong, 119 Nev. 390, 394, 75 P.3d 376, 379 (2003). In point of fact, the homestead claim has been litigated, adjudicated and voided not once but twice by the Nevada court.

### B. Statement of Facts

Debtor RAMSEY misrepresents to this Court the underlying nature of the Judgments, as well as underlying Orders from the Eighth Judicial District Court for the State of Nevada ("Nevada State Court"). The underlying Judgment was **not** a Default Judgment pursuant to Rule 55 and Rule 60. The matter was hotly litigated and briefed before the Nevada State Court and in a Nevada Supreme Court Settlement Conference. On February 10th, 2019, RAMSEY filed an Opposition to the entry of Judgment; on February 11th, 2019, RAMSEY filed a Motion to Dismiss based upon

2

RAMSEY's breach of terms of a settlement placed on the record in the litigation.[1] On March 8th, 2019, the Nevada State Court entered its Order and Judgment in favor of Creditors and against Debtor RAMSEY and her co-defendant GREGG CHAMBERS ("CHAMBERS") and filed and ruled that Creditors were entitled to the judgment sum of $221,735.99 and that this sum would imposed on the 1201 Property and 1207 Property as secured interests in the form of Deeds of Trust on the 1201 Property and 1207 Property.[2] The assertion that the underlying Judgment was a default judgment (and therefore outside of normal *re judicata*/claim preclusion/issue preclusion analyses) is false.

Likewise the assertion that Debtor RAMSEY had her homestead exemption denied through a default judgment before the Nevada State Court is false. RAMSEY attempted to fraudulently homestead the 1201 Property. Creditors objected to RAMSEY's claim of homestead exemption. RAMSEY filed a Motion to Stay Execution and took the position that Creditors' Judgment was a Deed of Trust exempt from homestead.[3] On June 4th, 2019, Ramsey filed her Opposition/Response regarding the claim of homestead and litigated the validity of 1201 Westlund as a homestead.[4] The Nevada State Court took up, litigated and adjudicated the issue of RAMSEY's claim of homestead exemption in and to the 1201 Property. On July 22, 2019, the Nevada State Court ruled that RAMSEY's homestead exemption in and to the 1201 Property was void as the product of fraud pursuant to Maki v. Chong, 119 Nev. 390, 394, 75 P.3d 376, 379 (2003).[5] Therefore the homestead was stripped from 1201 Westlund and was fully and finally adjudicated as being not applicable. The Court offered RAMSEY a Stay pending appeal so long as RAMSEY posted security; RAMSEY refused to post security or stay the Order. The 1201 Westlund Property was sold in a Sheriffs' Sale on August 1, 2020 as non-exempt property. RAMSEY did appeal the

---

1    February 10th, 2019 Opposition to Motion to Enforce, attached as Reply Exhibit "A"; February 11, 2019 Motion to Dismiss, attached as Reply Exhibit "B"

2    March 8th, 2019 Judgment, attached as Reply Exhibit "C"

3    Ramsey Motion to Stay Execution, attached as Reply Exhibit "D" (without exhibits for brevity).

4    Ramsey Opposition/Response to Objection to Homestead, attached as Reply Exhibit "E"

5    July 22, 2019 Order Denying Homestead Exemption, attached as Reply Exhibit "F"

3

July 22, 2019 Decision voiding the 1201 Westlund homestead[6]; however RAMSEY's appeal of the issue was dismissed by the Nevada Supreme Court and is fully and finally adjudicated, closed and law of the case.[7] RAMSEY's implication that RAMSEY's homestead was voided through a default judgment is false.

Debtor RAMSEY next misleads this Court with how execution sales work under Nevada law. Once the Sheriffs' Sale was completed on both the 1201 Westlund and 1207 Westlund properties, Creditors were given a Certificate of Sale which simply indicates the terms of the sale[8]; RAMSEY had one year to redeem the 1201 Westlund property and to keep (not buy back) title to the 1201 Westlund Property in her name. At the end of one year (or August 1, 2020), if not redeemed, then a Sheriffs Deed actually transferring title is issued to the Buyer. RAMSEY knows this because title to the 1207 Westlund property was actually transferred to Creditors pursuant to the August 1, 2019 Sheriffs' Sale in August 2020.[9] However RAMSEY's argument that a redemption somehow resets the homestead and voids the prior adjudication is false.

RAMSEY redeemed the 1201 Property prior to transfer of title and then attempted to re-homestead the Subject Property as against Creditors to prevent sale of the 1201 Property. On August 7, 2020, Debtor RAMSEY filed with a new Claim of Exemption with the Nevada State Court and asked the Nevada State Court to adjudicate the validity of RAMSEY's homestead claim in and to the 1201 Property. RAMSEY again participated in the litigation of the questions regarding the void homestead before the Nevada State Court. The Nevada State Court again took up, adjudicated and ruled that Debtor RAMSEY has no homestead exemption in and to the 1201 Property due to fraud pursuant to Maki v. Chong, 119 Nev. 390, 394, 75 P.3d 376, 379 (2003).[10]

THE COURT FURTHER FINDS that this Court has ruled in 2019 that any homestead asserted by Judgment Debtor ELIZABETH RAMSEY in and to the

---

6   2019 Notice of Appeal, attached as Reply Exhibit "G"

7   Notice of Dismissal of Appeal, attached as Reply Exhibit "H"

8   Certificate of Sale for 1201 Property, attached as Exhibit "I"

9   1207 Sheriffs Deed, attached as Reply Exhibit "J"

10  October 8th, 2020 Order Denying Homestead Exemption, attached as Reply Exhibit "K"

4

> 1201 Westlund property does not apply because an individual using fraudulently obtained funds to purchase real property should not be protected by the homestead exemption because the exemption's purpose is to provide protection to individuals who file the homestead exemption in good faith and that Judgment Debtor ELIZABETH RAMSEY had failed to meet her burden to prove that Judgment Debtor is entitled to the claimed exemptions in the 1201 Westlund property. Maki v. Chong, 119 Nev. 390, 394, 75 P.3d 376, 379 (2003).

The issue of whether Debtor RAMSEY has any homestead exemption in the 1201 Property has been litigated on the merits between the same parties twice and has been adjudicated on the merits twice by the Nevada State Court.

As this Court is aware, Debtor RAMSEY filed a Motion with this Court to extend her stay which this Court took up on February 10th, 2021 and for which an Order was entered by this Court on February 17th, 2021. This Court has recognized that RAMSEY's assertion of a homestead exemption in the 1201 Property is barred by issue preclusion.

> Third, Debtor has claimed an exemption in the Residence based on the Nevada homestead provisions. She is permitted to do so because the State of Nevada has opted out of the limited bankruptcy exemptions otherwise provided under Section 522(d). See NRS21.090(3). Under FRBP 4003(b)(1), any party in interest, including a bankruptcy trustee or creditor, may object to a claimed exemption "within 30 days after the meeting of creditors...is concluded or within 30 days after any amendment to the...schedules is filed, whichever is later.". . . . In this instance, the deadline to object to Debtor's exemptions has not commenced because the meeting of creditors was continued to February 24, 2021, and has not been concluded. More important, Debtor has claimed an exemption in the Residence despite prior rulings by the State Court that she is not entitled to a Nevada homestead exemption. Debtor filed an appeal from the October 8, 2020 Order, even though she conceded at the hearing that filing the Notice of Appeal was not authorized, was in violation of the automatic stay, and therefore is a void act under well-settled law in this circuit. See Schwartz v. U.S. (In re Schwartz), 954 F.2d 569, 571 (9th Cir.1992) (acts in violation of the automatic stay are *void ab initio*, rather than voidable). So while the Debtor could simply rely on the language of Section 522(l) and hope that parties in interest ignore the deadline to object, the Debtor's claim of a homestead exemption under Nevada law appears to be subject to objection simply based on Nevada principles of issue preclusion. See, e.g., Univ. of Nevada v. Tarkanian, 110 Nev. 581, 598-599, 879 P.2d 1180, 1191 (1994) (issue decided in prior litigation must be identical, the decision must be on the merits and become final, the party bound must be the same or in privity, and the issue was actually and necessarily litigated).

In re Ramsey, No. 21-10230-MKN, 2021 Bankr. LEXIS 418, at *15-17 (Bankr. D. Nev. Feb. 17, 2021). This Court did not rule that RAMSEY's late appeal is not also barred by claim preclusion,

5

just that it is clear that RAMSEY's appeal is barred by issue preclusion. RAMSEY has already litigated her claim to a homestead twice and lost twice before the Nevada State Court. Whether issue preclusion or claim preclusion, RAMSEY's homestead claims have been adjudicated on the merits. The issue adjudicated voiding the homestead in the 1201 Residence was identical, has been made on the merits twice and is final before this Court and between identical parties.

## ARGUMENT

### I.   RAMSEY IS BOUND BY THE STATE COURT'S RULING THAT THE PROPERTY IS NOT EXEMPT UNDER NEVADA HOMESTEAD LAW.

This Court has recognized that the Nevada State Court has ruled twice that Debtor RAMSEY has no homestead exemption in the 1201 Westlund Property and that "the Debtor's claim of a homestead exemption under Nevada law appears to be subject to objection simply based on Nevada principles of issue preclusion." RAMSEY first argues that this Court got it wrong when this Court stated in footnote 25 that the issue is barred.

> Even if an appeal of the October 8, 2020 Order is pending, however, it is still treated as final and may be afforded issue preclusive effect under Nevada law. See Edwards v Ghandour, 123 Nev. 105, 115 n.17, 159 P.3d 1086, 1093 n.17 (2007), *abrogated on other grounds* by Five Star Cap. Corp. v. Ruby, 124 Nev. 1048, 194 P.3d 709, 712-713 (2008). *See also* Bayuk v. Leonard (In re Morabito), 2020 Bankr. LEXIS 2676, 2020 WL 5814364, at *4 (B.A.P. 9th Cir. Sept. 29, 2020).

This Court got its holding correct in holding that regardless of issue preclusion or claim preclusion; in fact the portion of the decision in Edwards discussing the finality of judgments was not discussing issue preclusion or claim preclusion.

> In line with our conclusion, the RESTATEMENT (SECOND) OF JUDGMENTS considers the better view to be "that a judgment otherwise final remains so despite the taking of an appeal." The RESTATEMENT further recognizes that the trial court in the second action has discretion in proper circumstances to suspend proceedings and wait for the completion of the appeal in the first action. Thus, if unusual circumstances are present and suggest that complete relief will not be obtained by a reversal on appeal, the second action may be stayed.
> Although a judgment maintains its preclusive effect while on appeal, we note that the party challenging the judgment, may, if appropriate, seek to have the judgment stayed pending appeal. A stay will protect the appellant from the judgment's immediate consequences while the reviewing court determines whether reversible error occurred. A stay will not, however, alter the judgment's preclusive effect.

6

Edwards v. Ghandour, 123 Nev. 105, 117, 159 P.3d 1086, 1094 (2007). The entire reference to claim preclusion versus issue preclusion is a desperate red herring.

Secondarily this Court could have entered findings on claim preclusion as well as issue preclusion for the final state court judgments. "If a claim ("res") between the same parties previously has been adjudicated ("judicata"), then the parties are bound by that determination and are precluded from relitigating the claim." In re Rose, 564 B.R. 728, 735 n.12 (Bankr. D. Nev. 2017)Under Nevada law, claim preclusion applies when (1) the parties or their privies are the same; (2) the final judgment is valid; and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. See Five Star Capital Corp. v. Ruby, 124 Nev. 1048, 1054-55, 194 P.3d 709 (2008); In re R & S St. Rose Lenders,LLC, No. 11-14973-MKN, 2014 Bankr. LEXIS 5465, at *18-19 (Bankr. D. Nev. June 3, 2014). A "claim" under Nevada law encompasses all claims that arise out of a single set of facts. See Holcombe v. Hosmer, 477 F.3d 1094, 1098 (9th Cir. 2007), citing Firsching v. Ferrara (In re Firsching), 94 Nev. 252, 255, 578 P.2d 321 (1978) ("[T]he facts essential to the maintenance of both suits are identical; therefore, both suits involve but one cause of action and, accordingly, the final judgment in the formal suit bars subsequent litigation involving any matter which was or might, with propriety, have been litigated therein."). Similarly under Nevada law, issue preclusion requires the presence of the following: (1) the issue decided in the prior litigation must be identical to the issue presented in the current action, (2) the prior ruling must have been on the merits and have become final, (3) the party against whom the judgment is asserted must have been a party or in privity with a party in the prior litigation, and (4) the issue must have been actually and necessarily decided. See Howard v. Sandoval (In re Sandoval), 126 Nev. 136, 232 P.3d 422, 423 (Nev. 2010).

RAMSEY's request that this Court stay ruling on this Objection is nothing but a stalling tactic at this point. RAMSEY never asked the Nevada State Court to stay the October 8th, 2020 Order Voiding Homestead or the December 2020 Order Denying Reconsideration. RAMSEY never asked the Nevada Supreme Court to stay the October 8th, 2020 Order Voiding Homestead or the December 2020 Order Denying Reconsideration. If RAMSEY wanted a stay, RAMSEY

7

could have gotten a stay but chose not to pursue a stay. RAMSEY acknowledges (1) the July 2019 decision voiding RAMSEY's homestead is final and law of the case; (2) RAMSEY's January 2021 was and is void in violation of the automatic stay; (3) this Court ruled that the automatic stay ended on the 30th day following the Petition, or February 18th, 2021; (4) Creditors have briefed before this Court and the Nevada Supreme Court that orders arising out of exemptions to execution are not appealable; and (5) RAMSEY's January 2021 appeal has been dismissed by the Nevada Supreme Court.[11]

During the April 7th, 2021 Hearing regarding lifting the automatic stay that this Court has already ruled terminated two months ago, this Court astutely predicted and questioned RAMSEY about the elephant in the room. RAMSEY is seeking to appeal to the Nevada Supreme Court from the December 24th, 2020 Order Denying Reconsideration[12] for which RAMSEY had 30 days to appeal pursuant to NRAP 4, or until January 23rd, 2021. RAMSEY filed her Petition and triggered the stay of any deadlines on January 19th, 2021, four days before the deadline to appeal passed. The automatic stay terminated on February 18th, 2021. RAMSEY did not file a renewed notice of appeal within 4 days of the stay terminating. RAMSEY did not file a renewed notice of appeal within 30 days of the stay terminating. RAMSEY tells this Court in her Opposition that her Trustee has indicated no interest in the Appeal; however RAMSEY filed no new appeal within the time period that the Trustee allegedly indicated his disinterest. Indeed the Order of Dismissal from the Nevada Supreme Court stated that RAMSEY could "move for reinstatement of this appeal upon either the lifting of the bankruptcy stay or final resolution of the bankruptcy proceedings, if appellant deems such a motion appropriate at that time."[13] RAMSEY has never sought to reinstate the appeal since the bankruptcy stay terminated February 18th, 2021. RAMSEY has never availed herself of the remedies to reinstate the former appeal (which this Court ruled void) and has never

---

11  Order Dismissing Appeal, attached as Reply Exhibit "M"

12  RAMSEY's void Notice of Appeal, attached as Reply Exhibit "L"

13  Order Dismissing Appeal, attached as Reply Exhibit "M"

8

timely refiled a new/renewed appeal once the stay terminated. The time for RAMSEY to have appealed has long expired after the termination of the stay.

## II. THERE IS NO ISSUE TO CERTIFY TO THE NEVADA SUPREME COURT PURSUANT TO NRAP 5.

Debtor RAMSEY asks this Court to certify to the Nevada Supreme Court a question of law regarding the Nevada Supreme Court's jurisdiction to hear RAMSEY's void appeal. This Court has already ruled that the appeal is void  RAMSEY has had the remedies of (1) reinstating her dismissed (but void) appeal or (2) attempting to file a new, timely appeal with the Nevada Supreme Court after the Stay terminated on February 18th, 2021. RAMSEY did not exercise either of these options to protect her appeal rights. Instead RAMSEY would have this Court do what RAMSEY has never done which is timely and properly appeal the underlying Order(s) from the Nevada State Court. There is no pending question of law. The Nevada State Court has adjudicated twice the question of RAMSEY's homestead exemption in the 1201 Property being void. Those Judgments and orders are final pursuant to Nevada law. Edwards v. Ghandour, 123 Nev. 105, 117, 159 P.3d 1086, 1094 (2007).   This Court has already indicated that those decisions are final pursuant to Nevada law. NRAP 5 allows this Court to certify questions "to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Appeals of this state." There is and are directly controlling precedent regarding the finality of the Nevada State Court judgments, precedent that this Court has previously validly recognized. As such, no grounds for certification or further stalling of this matter are required as RAMSEY's homestead exemption claim is and remains final as being void.

## III. CREDITORS CONCUR WITH RAMSEY'S ARGUMENT THAT THIS COURT CAN SUMMARILY DECIDE THE VOID NATURE OF THE HOMESTEAD EXEMPTION FOR WHICH RAMSEY IS PRECLUDED FROM BEING REASSERTED BEFORE THIS COURT.

Debtor RAMSEY makes the curious argument that this Court should abstain and stay out of the question of whether RAMSEY's homestead exemption is void. RAMSEY is partially correct: this Court is limited and bound "to give to a state-court judgment the same preclusive

9

effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L. Ed. 2d 56 (1984); White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012). The question of RAMSEY's homestead exemption has been fully and finally litigated twice before the Nevada State Court has been adjudicated twice to be void. RAMSEY asks this Court to defer to the Nevada State Court on the question of the validity of the homestead exemption; the Nevada State Court has stated that the homestead exemption is void and final. RAMSEY never asked this Court to abstain from the question of her homestead exemption; in fact RAMSEY specifically *asked* this Court in her Petition to validate her homestead exemption. In fact RAMSEY asked this Court to extend the automatic stay so that RAMSEY could protect her homestead before this Court. RAMSEY cannot be heard to invoke the jurisdiction of this Court and now tell this Court that this Court should abstain from weighing in on the issue.

Like RAMSEY, Creditors are simply asking this Court to defer to and enforce the final judgment entered on the merits by the Nevada State Courts. As of now, there is a full and final judgment (two in fact) which adjudicate the issue of the validity of RAMSEY's homestead claims and fully and finally decided that RAMSEY's claim of homestead pursuant to Chapter 115 of the Nevada Revised Statutes is void. RAMSEY's entire argument hinges on allowing the Nevada State Court to adjudicate the homestead claims and ignores the fact that the Nevada State Court has already adjudicated the homestead claims (twice). The Court is not to abstain but to enforce. "As this court must apply Nevada's rules of preclusion", the court concludes that the Claim Objection must be sustained. In re R & S St. Rose Lenders,LLC, No. 11-14973-MKN, 2014 Bankr. LEXIS 5465, at *19 (Bankr. D. Nev. June 3, 2014).

RAMSEY misinforms this Court when RAMSEY argues "the appeal issue is ongoing." There is no appeal issue before the Nevada Supreme Court. There is nothing pending before the Nevada Supreme Court regarding the homestead exemption. There is nothing pending before the District Courts of the State of Nevada regarding RAMSEY's homestead claims. There are no homestead proceedings for which RAMSEY can even ask this Court to abstain in deference to a

10

pending decision. The homestead issue is final, enforceable and resolved. This Court would have to turn issue preclusion law on its head to find that this Court is not enforcing final judgment(s) voiding the homestead exemption at issue in this matter.

### CONCLUSION

Based upon the forgoing facts and evidence, Creditors EUGENE TUMBARELLO and SHAMROCK PAINTING respectfully request that this Court sustain the Objection to Homestead Exemption by Debtors and deny any such exemption in Debtor ELIZABETH ANN RAMSEY's Chapter 7 Bankruptcy.

DATED this 7th day of April, 2021.

                                      CORY READE DOWS AND SHAFER

By:   /s/ R. Christopher Reade
      R. CHRISTOPHER READE, ESQ.
      Nevada Bar No. 006791
      1333 North Buffalo Drive, Suite 210
      Las Vegas, Nevada 89128
      Telephone: (702) 794-4411
      Facsimile: (702) 794-4421
      Attorneys for EUGENE TUMBARELLO and SHAMROCK PAINTING INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2021, that I completed service of the foregoing CREDITORS EUGENE TUMBARELLO AND SHAMROCK PAINTING INC.'S REPLY IN SUPPORT OF OBJECTION TO DEBTOR ELIZABETH ANN RAMSEY'S CLAIM OF HOMESTEAD EXEMPTION by electronic service in accordance with Administrative Order 02-1 of the United States Bankruptcy Court for the District of Nevada on the date hereof and that said service was completed through the Notice of Electronic Filing automatically generated by said Court.

/s/ Angelique Gilbreath
An employee of Cory Reade Dows and Shafer