# REPLY EXHIBIT "A"

REPLY EXHIBIT "A"

Electronically Filed
2/10/2019 9:21 PM
Steven D. Grierson
CLERK OF THE COURT

BENJAMIN B. CHILDS, SR, ESQ.
State Bar # 3946
BENJAMIN B. CHILDS, LTD.
318 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 385-3865
Facsimile: (702) 385-1847
ben@benchilds.com
Attorney for Defendants/Counterclaimants

DISTRICT COURT
CLARK COUNTY, NEVADA

**EUGENE TUMBARELLO and SHAMROCK PAINTING, INC**

**Plaintiffs/Counterdefendants**

**v.**

**ELIZABETH RAMSEY and GREGG CHAMBERS**

Defendants/Counterclaimants

**CASE NO. A-17-763560-C**
**DEPT. NO. XIX**

DEFENDANTS' OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AND OTHER RELIEF

Hearing : February 12, 2019

Defendants oppose the relief that Plaintiffs are seeking in their motions as the relief being sought is outside the Memorandum of Understanding [Exhibit A, referred to herein as the Memo]. The Memo was executed August 15, 2018 following two appeals filed by Defendants. Three terms are critical for purposes of the pending motion.

* The Memo expressly was "a global release of all claims". [ Section 7]
* "Both sides to bear their own attorney fees and costs"[1] [Section 8]
* "The agrees agree to dismiss the pending legal action in Dist. Court Case No. A0-17-763560-C and the Matters on Appeal ..." [Section 6]

Section 6 of the Memo begs the question, If the instant case was agreed to be dismissed, why is there a pending motion? The appeals were dismissed. [Exhibit B]

Plaintiffs' Motion should be summarily denied and the case dismissed pursuant

[1] Except that Defendants agreed to pay for costs of preparing a Deed of Trust and recording same

to the terms of the very Memo Plaintiffs reply upon to seek relief.

The lawsuit involved ownership of two residential parcels in Las Vegas, 1201 Westlund and 1207 Westlund Las Vegas, NV 89102.

At the settlement conference, Defendants anticipated no problem refinancing the Subject Properties to provide the $150,000 right away, within the 90 days of the August 15 date. Even paying the $200,000 amount would be fine if the lis pendens would be cancelled in the Recorder's Office to allow the refinance to happen, but that is an impossibility with the lis pendens remaining in place. See denial letter from Bank of America [Exhibit C] giving the reason for denial "Unable to Obtain Satisfactory Title, Lien Validity or Priority" and Declaration of Gregg Chambers.

All of the payments on both houses are current through February, 2019. Defendants live in 1201 Westlund.

At this time, given the roller coaster experiences regarding the Subject Properties, if the Court is not inclined to dismiss the case as agreed by the parties in the Memo, Defendants propose to cooperatively sell the property located at 1207 Westlund, which has enough equity to satisfy the $200,000 agreed in the August 15, 2018 settlement. 1207 Westlund is appraised at $425,000 in November, 2018 and the payoff of the mortgage is $225,000. Alternatively Plaintiffs could agree to "buy" 1207 Westlund for the appraised value and the case can be closed with Plaintiffs receiving more than the $150,000 they would have received by November 15, 2018.

The Memo expressly states that both sides are to bear their own attorney fees, so there is no basis for an award of attorney fees. Defendants' appeal was based on the granting injunctive relief Plaintiffs, which is a jurisdictional basis for an appeal. Those issues were settled by the August 15, 2019 and the appeals dismissed. {Exhibit B].

1.    STATUTE OF FRAUDS

The statute of frauds requiring all transfer of rights in real property be in writing has been the law for literally hundreds of years. Nevada's statute of frauds is set forth

below.

> NRS 111.205 No estate created in land unless by operation of law or written conveyance; leases for terms not exceeding 1 year.
>
> 1. No estate or interest in lands, other than for leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared after December 2, 1861, unless by act or operation of law, or **by deed or conveyance, in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same,** or by his lawful agent thereunto authorized in writing.

By it's own terms, the August 15, 2018 Memorandum of Understanding resolved all issues between the parties.. The only anticipated transfer of interest was a deed of trust cross collateralized by both properties.

2. MEETING OF THE MINDS

Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration. May v. Anderson 119 P.3d 1254 121 Nev. 668 (2005) May goes on to hold that a valid contract cannot exist when material terms are lacking or are insufficiently certain and definite. May was a case involving enforcement of a settlement contract, similar to the instant case.

In this case, there was an offer and acceptance, consideration and a meeting of the minds which was memorialized in writing and signed by the parties. Defendants' appeals were dismissed, so they certainly exchanged huge consideration.

3. CONTRACT INTERPRETATION

If a contract is clear and unambiguous; the contract will be enforced as written. Ellison v. C.S.A.A., 106 Nev. 601, 603, 797 P.2d 975, 977 (1990). But if there are ambiguities, the contract will be interpreted against the drafter. Ringle v. Bruton 120

Nev. 82, 86 P.3d 1032 (2004).

In determining the parties' intent, the trier of fact must construe the contract as a whole, including consideration of the contract's subject matter and objective, the circumstances of its drafting and execution, and the parties' subsequent conduct. Ringle v. Bruton 120 Nev. 82, 86 P.3d 1032 (2004).

CONCLUSION

The Court should enforce the Memo, and dismiss the case if Plaintiffs don't want to accept Defendants' offer to either sell 1207 Westlund and pay Plaintiffs or transfer 1207 Westlund to Plaintiffs in full and final satisfaction of the Memo.

.

/s/ Benjamin B. Childs, Sr.

BENJAMIN B. CHILDS, Sr.
Nevada Bar # 3946
318 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-3865
Attorney for Defendants /Counterclaimants

Exhibits attached :

A. Memorandum of Understanding dated August 15, 2018
B. Dismissals of Appeals
C. Bank of America denial letter dated November 13, 2018

CERTIFICATE OF ELECTRONIC SERVICE

This Opposition to Motion to Enforce, with exhibits, was served through the Odessey File and Server system to opposing counsel at filing. Electronic service is in lieu of mailing.

/s/ Benjamin B. Childs, Sr

BENJAMIN B. CHILDS, SR ESQ.
NEVADA BAR # 3946

BENJAMIN B. CHILDS, SR, ESQ.
State Bar # 3946
BENJAMIN B. CHILDS, LTD.
318 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 385-3865
Facsimile: (702) 385-1847
ben@benchilds.com
Attorney for Defendants/Counterclaimants

DISTRICT COURT
CLARK COUNTY, NEVADA

**EUGENE TUMBARELLO and SHAMROCK PAINTING, INC**

**Plaintiffs/Counterdefendants**

v.

**ELIZABETH RAMSEY and GREGG CHAMBERS**

Defendants/Counterclaimants

**CASE NO. A-17-763560-C**
**DEPT. NO. XIX**

**DECLARATION OF GREGG CHAMBERS IN SUPPORT OF**

DEFENDANTS' OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AND OTHER RELIEF

Beth and I were diligently attempting to refinance the properties at 1201 Westlund and 1207 Westlund so we could pay the $150,000 we agreed to pay Plaintiffs at the settlement conference in August, 2018. When we settled it, we did not think it would be a problem at all due to the large amount of equity in each property.

The problem for lenders turned out to be two fold. First, the $150,000 was not split out between the two properties. I was told several times that if each property had a separate amount the lenders would have refinanced without a problem. They had a problem advancing one amount with a mortgage on two separate properties.

Secondly, the lenders cited the existence of the recorded Lis Pendens as a total non-starter once they got the title report. Despite my assurances that the refinancing was to remove the Lis Pendens, the wouldn't even process the loan application with a Lis Pendens being reported in the title report.

1207 Westlund has an appraised value of $425,000 from November, 2018 when we thought we were finalizing the refinancing. The balance of the loan amount on 1207 Westlund is about $225,000 and all payments are current through February, 2019.

Beth and I are fine with selling 1207 Westlund or transferring the property to Plaintiffs if that settles this entire case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1-10-19 [signature]
(date) (signature)