# REPLY EXHIBIT "B"

REPLY EXHIBIT "B"

Electronically Filed
2/11/2019 9:12 AM
Steven D. Grierson
CLERK OF THE COURT

BENJAMIN B. CHILDS, SR, ESQ.
State Bar # 3946
BENJAMIN B. CHILDS, LTD.
318 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 385-3865
Facsimile: (702) 385-1847
ben@benchilds.com
Attorney for Defendants/Counterclaimants

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| EUGENE TUMBARELLO and SHAMROCK PAINTING, INC<br><br>Plaintiffs/Counterdefendants<br><br>v.<br><br>ELIZABETH RAMSEY and GREGG CHAMBERS<br><br>Defendants/Counterclaimants | CASE NO. A-17-763560-C<br>DEPT. NO. XIX<br><br><br><br>DEFENDANTS' MOTION TO DISMISS AND FOR OTHER RELIEF |

### NOTICE OF MOTION

TO: PLAINTIFFS **EUGENE TUMBARELLO and SHAMROCK PAINTING, INC** through their attorney JAY SHAFER

PLEASE TAKE NOTICE that BENJAMIN B. CHILDS, ESQ., the attorney for Defendants, will bring the following **MOTION** on for hearing on **MARCH 18, 2019**, at **8:30 A** .M., before Department 19 of the District Court, located in the Regional Justice Center in Las Vegas, Clark County, Nevada.

/s/ Benjamin B. Childs

BENJAMIN B. CHILDS, ESQ.
Nevada Bar No. 3946
Attorney for Defendants/Counterclaimants

COME NOW Defendants/Counterclaimants **ELIZABETH RAMSEY and GREGG CHAMBERS [referred to as Plaintiffs]**, by and through their attorney, BENJAMIN B. CHILDS, ESQ., and file a motion to dismiss and for related relief.

## FACTUAL SUMMARY

Plaintiffs/Counterdefendants EUGENE TUMBARELLO and SHAMROCK PAINTING, INC [Plaintiffs] filed the instant complaint and the case proceeded through motion practice. The lawsuit involved ownership of two residential parcels in Las Vegas, 1201 Westlund and 1207 Westlund Las Vegas, NV 89102. No discovery was performed. Two appeals were timely filed by Defendants following injunctive relief.

The case was settled through the Nevada Supreme Court Settlement Program and a written Memorandum of Understanding was executed by the parties on August 15, 2018. [Exhibit A, referred to herein as the Memo]. The Memo contained the following provisions.

* The Memo expressly was "a global release of all claims". [ Section 7]
* "Both sides to bear their own attorney fees and costs"[1] [Section 8]
* "The agrees agree to dismiss the pending legal action in Dist. Court Case No. A0-17-763560-C and the Matters on Appeal ..." [Section 6]

Since Section 6 of the Memo states that the parties stipulated that the instant case be dismissed, Defendants file the instant motion.

The appeals were dismissed as provided in Section 6 of the Memo. [Exhibit B].

Defendants posted two cost bonds pursuant to their Notices of Appeal [Exhibit C] and Plaintiffs posted two Cost Bonds pursuant to NRS 18.130 and Chambers's timely demand.[Exhibit D].

Plaintiffs recorded two lis pendens' encumbering the title to both parcels of real property. Given that all issues are resolved between the parties and the case is to be dismissed, the dismissal order should specifically cancel the two lis pendens' recorded with the Clark Count Recorder, using this case number, at references 201710240001423 and 201710250000615 [Exhibit E]

///

---

[1] Except that Defendants agreed to pay for costs of preparing a Deed of Trust and recording same

Page 2 of 4

POINTS AND AUTHORITIES

1.   STATUTE OF FRAUDS

The statute of frauds requiring all transfer of rights in real property be in writing has been the law for literally hundreds of years. Nevada's statute of frauds is set forth below.

> NRS 111.205 No estate created in land unless by operation of law or written conveyance; leases for terms not exceeding 1 year.
>
> 1. No estate or interest in lands, other than for leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared after December 2, 1861, unless by act or operation of law, or **by deed or conveyance, in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same,** or by his lawful agent thereunto authorized in writing.

By it's own terms, the August 15, 2018 Memorandum of Understanding resolved all issues between the parties.. The only anticipated transfer of interest was a deed of trust cross collateralized by both properties, so there is no

2.   MEETING OF THE MINDS

Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration.   May v. Anderson 119 P.3d 1254 121 Nev. 668 (2005) May goes on to hold that a valid contract cannot exist when material terms are lacking or are insufficiently certain and definite. May was a case involving enforcement of a settlement contract, similar to the instant case.

In this case, there was an offer and acceptance, consideration and a meeting of the minds which was memorialized in writing and signed by the parties. Defendants' appeals were dismissed, so they certainly exchanged huge consideration.

///

3.  CONTRACT INTERPRETATION

If a contract is clear and unambiguous; the contract will be enforced as written. Ellison v. C.S.A.A., 106 Nev. 601, 603, 797 P.2d 975, 977 (1990). But if there are ambiguities, the contract will be interpreted against the drafter. Ringle v. Bruton 120 Nev. 82, 86 P.3d 1032 (2004).

In determining the parties' intent, the trier of fact must construe the contract as a whole, including consideration of the contract's subject matter and objective, the circumstances of its drafting and execution, and the parties' subsequent conduct. Ringle v. Bruton 120 Nev. 82, 86 P.3d 1032 (2004).

CONCLUSION

The Court should enforce the Memo and dismiss the case. The Order should expressly state that the cost.bonds posted by Defendants should be refunded, that the cost bonds posted by Plaintiffs should be refunded, and that the lis pendens' are canceled.

/s/ Benjamin B. Childs, Sr.

BENJAMIN B. CHILDS, Sr.
Nevada Bar # 3946
Attorney for Defendants /Counterclaimants

Exhibits attached :

A.  Memorandum of Understanding dated August 15, 2018
B.  Dismissals of Appeals
C.  Bonds for Appeal filed April 9, 2018 and June 15, 2018
D.  NRS 18.130 Cost bonds filed December 27, 2017
E.  Lis Pendens and Clark County Recorder printouts for the two properties with recording references

CERTIFICATE OF ELECTRONIC SERVICE

This MOTION TO DISMISS AND FOR OTHER RELIEF, with exhibits, was served through the Odessey File and Server system to opposing counsel at filing. Electronic service is in lieu of mailing.

/s/ Benjamin B. Childs, Sr

BENJAMIN B. CHILDS, SR ESQ.
NEVADA BAR # 3946