# REPLY EXHIBIT "C"

# REPLY EXHIBIT "C"

Electronically Filed
3/8/2019 10:19 AM
Steven D. Grierson
CLERK OF THE COURT

ORD
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
PREMIER LEGAL GROUP
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Fax: (702) 794-4421
CReade@premierlegalgroup.com
Attorney for Plaintiffs

# DISTRICT COURT

## CLARK COUNTY, NEVADA

EUGENE TUMBARELLO, an Individual, )
SHAMROCK PAINTING, INC., )
                                                ) Case No.: A-17-763560-C
                  Plaintiff, ) Dept. No.: XIX
vs. )
)
ELIZABETH RAMSEY, an Individual; ) **ARBITRATION EXEMPT**
GREGG CHAMBERS, an Individual; DOES 1 ) (Equitable, Declaratory and
through 100; and ROE BUSINESS ENTITIES I ) Extraordinary Relief; Title to Real
through C, inclusive, ) Property)
)
                 Defendants. )

### ORDER GRANTING PLAINTIFFS EUGENE TUMBARELLO AND SHAMROCK PAINTING, INC.'S MOTION TO ENFORCE SETTLEMENT, FOR SALE OF THE SUBJECT PROPERTIES IN SATISFACTION OF THE SETTLEMENT TERMS AND FOR AWARD OF ATTORNEYS' FEES AND COSTS

Date of Hearing: February 12th, 2019
Time of Hearing: 9:00 a.m.

Plaintiffs EUGENE TUMBARELLO and SHAMROCK PAINTING INC.'s MOTION TO ENFORCE SETTLEMENT, FOR SALE OF THE SUBJECT PROPERTIES IN SATISFACTION OF THE SETTLEMENT TERMS AND FOR AWARD OF ATTORNEYS' FEES AND COSTS, having come on for hearing on the 12th day of February, 2019. Plaintiffs EUGENE TUMBARELLO and SHAMROCK PAINTING INC. being represented by their counsel R. Christopher Reade, Esq. of the law firm of Premier Legal Group. Defendants

BBC

ELIZABETH RAMSEY and GREGG CHAMBERS, being represented by their counsel Benjamin Childs, Esq. of the Benjamin B. Childs Chtd. The Court having reviewed the papers and pleadings submitted on behalf of an by the respective parties, having read the Motions, Oppositions, Countermotions and/or Reply Briefs. The Court having heard argument of the parties and their counsel and for good cause appearing therefor, the Court hereby enters the following Findings of Fact, Conclusions of Law and Judgment.

## FINDINGS OF FACT

THE COURT HEREBY FINDS that Plaintiffs EUGENE TUMBARELLO and SHAMROCK PAINTING INC. [hereinafter collective "Plaintiffs"] brought this Action as against Defendants ELIZABETH RAMSEY and GREGG CHAMBERS [hereinafter collectively referred to as "Defendants"] regarding the ownership and investment of various monies and real property in Clark County, Nevada, more specifically (1) 1201 Westlund Drive, Las Vegas, Nevada 89102 [hereinafter "the 1201 Property"] and (2) 1207 Westlund Drive, Las Vegas, Nevada 89102 [hereinafter "the 1207 Property"].

THE COURT FURTHER FINDS that Defendants did file appeals with the Nevada Supreme Court regarding certain interlocutory Orders entered by this Court which were assigned Nevada Supreme Court, Case Numbers 75520 and 76185.

THE COURT FURTHER FINDS that on August 15th, 2018, Plaintiffs and Defendants were ordered to attend and met with Nevada Supreme Court Settlement Judge Ara Shirinian for a Nevada Supreme Court Settlement Conference.

THE COURT FURTHER FINDS that on August 15th, 2018, Plaintiffs and Defendants each entered into and executed a Settlement Agreement as part of the Nevada Supreme Court Settlement Program memorializing the terms of the settlement entered into by and between Plaintiffs and Defendants in the above-entitled Action.

2

BBC

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that Defendants contracted, covenanted and agreed to provide Plaintiffs a Promissory Note in the sum of Two Hundred Thousand Dollars ($200,000.00) with a cross-collateralized Deed of Trust securing the settlement payments which would be recorded against and create a secured interest in both the 1207 Westlund Property and the 1201 Westlund Property.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that the Promissory Note would have a single payment of the settlement monies due no later than November 13, 2018.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that non-payment of the Settlement Sums by November 13, 2018 would be considered a breach of the settlement agreement.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that any costs incurred in filing or preparing the Promissory Note and Deed of Trust would be the responsibility of Defendants, who were required to prepare and record the Deeds of Trust on the 1207 Westlund and 1201 Westlund properties in a form acceptable to Plaintiffs.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that interest accrues commencing on November 13th, 2018 on any sums due at the legal interest rate of seven percent (7.0%), which was the prime interest rate pursuant to NRS 99.050 as of the settlement date of August 15th, 2018.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that Defendants could obtain a full release of the Deeds of Trust if Defendants paid the sum of One Hundred Fifty Thousand Dollars ($150,000.00) to Plaintiffs on

3

BBC

or before November 13, 2018.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that Defendants contracted, covenanted and agreed not to take any action to harm the value of the 1201 Westlund Property and/or 1207 Westlund Property or to deprive Plaintiffs of their secured interest in the 1201 Westlund Property and/or 1207 Westlund Property.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that Defendants contracted, covenanted and agreed to provide to Plaintiffs proof of property insurance for 1201 Westlund Property and 1207 Westlund Property sufficient to protect Plaintiffs' secured interests therein.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that Defendants contracted, covenanted and agreed to provide to Plaintiffs a copy of the lease agreement with the tenant(s) for the 1207 Westlund Property.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that Defendants contracted, covenanted and agreed to provide to Plaintiffs any other information required for Plaintiffs to allow Plaintiffs to protect Plaintiffs' interest in the 1201 Westlund Property and 1207 Westlund Property.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that after performance of all of the terms of the Settlement Agreement that the Parties agreed to dismiss the instant Action, as well as Nevada Supreme Court Case Numbers 75520 and 76185.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that after performance of all of the terms of the Settlement Agreement that the Parties would agree to a global mutual release of all claims as between Plaintiffs and

4

Defendants.

THE COURT FURTHER FINDS that the Settlement Agreement executed by Plaintiffs and Defendants provided that all Parties would bear their own attorneys fees and costs, except as identified in the Settlement Agreement.

THE COURT FURTHER FINDS that upon the filing the report by the Nevada Supreme Court Settlement Judge that the Nevada Supreme Court to dismiss the appeals in Nevada Supreme Court Case Numbers 75520 and 76185 and returned those matters to the Eighth Judicial District Court.

THE COURT FURTHER FINDS that the evidence shows that Defendants did not comply with any of the terms of the Settlement Agreement.

THE COURT FURTHER FINDS that Defendants have failed to make any settlement payments pursuant to the Settlement Agreement and have breached the Settlement Agreement.

THE COURT FURTHER FINDS that Defendants have breached the Settlement Agreement and have failed to collateralize the settlement obligations by Deeds of Trust on both the 1207 Westlund and 1201 Westlund properties for the settlement sum of $200,000.00 as contracted covenanted and agreed.

THE COURT FURTHER FINDS that Defendants have breached the settlement agreement as entered between the Parties.

THE COURT FURTHER FINDS that Defendants agreed pursuant to the Settlement Agreement that interest would accrue at a rate of 7.0% per annum from November 13th, 2018.

THE COURT FURTHER FINDS that Defendants have filed an Opposition and have argued before this Court that the Settlement Agreement entered by and between Plaintiffs and Defendants is valid and enforceable.

5

BBC

## CONCLUSIONS OF LAW

THE COURT HEREBY FINDS that the Settlement Agreement executed by Plaintiffs and Defendants in the Nevada Supreme Court Settlement Program is duly entered, executed and binding Agreement on Defendants. Szilagyi v. Testa, 99 Nev. 834, 673 P.2d 495 (1983); Casentini v. Hines, 97 Nev. 186, 625 P.2d 1174 (1981). Willerton v. Bassham, 111 Nev. 10, 889 P.2d 823 (1995). E.D.C.R. 7.50.

THE COURT FURTHER FINDS that the District Court has the authority to enter Judgment upon and to enforce the terms of a Settlement Agreement. May v. Anderson, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005).

THE COURT FURTHER FINDS that the parties agreed to the Settlement Agreement's material terms, even though the exact language was to be finalized later. May v. Anderson, 121 Nev. 668, 672-73, 119 P.3d 1254, 1257 (2005).

THE COURT FURTHER FINDS that there is no question as to what claims were being settled and what the terms and conditions of settlement were as against Defendants and that the Settlement Agreement should be reduced to Judgment and settlement terms enforced as against Defendants and each of them.

THE COURT FURTHER FINDS that the Court can keep jurisdiction to enforce the terms of the Settlement Agreement and to reduce the Settlement Agreement to Judgment and is not required to dismiss the Action prior to performance of the terms of the Settlement Agreement by Defendants.

THE COURT FURTHER FINDS that Defendants have failed to timely pay the Settlement Sum of Two Hundred Thousand Dollars.

THE COURT FURTHER FINDS that Defendants breached the Settlement Agreement have failed to draft, execute, record or collateralize the settlement obligations by Deeds of Trust

6

on both the 1207 Westlund and 1201 Westlund properties for the settlement sum of $200,000.00 as contracted covenanted and agreed by Defendants.

THE COURT FURTHER FINDS that the issue of the contempt of this Court's Orders has now returned before the jurisdiction of this Court.

THE COURT FURTHER FINDS that this Court ordered Defendants RAMSEY and CHAMBERS to deposit the rents with this Court and that Defendants have failed and refused to comply with the Order of this Court.

THE COURT FURTHER FINDS that pursuant to NRS 22.100(3), if a Defendant is found guilty of contempt, the Court is allowed to require Defendant to pay "reasonable expenses, including, without limitation, attorney's fees, incurred by the party as a result of the contempt."

THE COURT FURTHER FINDS pursuant to NRS 18.010(2)(b) that, without regard to the recovery sought, when the court finds that the defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party, the Court may award the prevailing party with its attorneys' fees and that the court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations to punish for and deter frivolous or vexatious defenses because such defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

THE COURT FURTHER FINDS that NRS 18.020 provides that a prevailing party in any action in which more than $2,500 is recovered is entitled to recover its costs.

THE COURT FURTHER FINDS that the Settlement Agreement expressly stated that any costs incurred in filing or preparing these documents will be the responsibility of Defendants, who will prepare and record the deeds of trust on a form acceptable to Plaintiffs.

7

THE COURT FURTHER FINDS that, by their delays and actions, Defendants have acted in a contemptuous manner.

THE COURT FURTHER FINDS that Plaintiffs should be awarded the sum of Twenty Thousand Dollars ($20,000.00) as sanctions for Defendants' contempt and failure to comply with the Settlement Agreement and in having the Settlement Agreement reduced to Judgment.

THE COURT FURTHER FINDS that Plaintiffs should be awarded the sum of $1,735.99 for attorneys' fees and costs for Defendants' contempt and failure to comply with the Settlement Agreement and in having the Settlement Agreement reduced to Judgment.

## JUDGMENT

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion to Enforce Settlement shall be and hereby is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the foregoing terms of the Settlement Agreement as entered and executed by Plaintiffs and Defendants as placed on the record shall be and hereby are enforced and reduced to Judgment in favor of Plaintiffs EUGENE TUMBARELLO and SHAMROCK PAINTING and against Defendants ELIZABETH RAMSEY and GREGG CHAMBERS.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs shall be awarded an enforceable and secured interest in the 1207 Westlund Drive, Las Vegas, Nevada 89102, also identified as Clark County Assessor's Parcel Number 162-05-513-036 in the sum of $221,735.99 and that this sum shall be and hereby is further reduced to Judgment in favor of EUGENE TUMBARELLO and SHAMROCK PAINTING and against Defendants ELIZABETH RAMSEY and GREGG CHAMBERS.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs shall be awarded an enforceable and secured interest in and to 1201 Westlund Drive, Las Vegas, Nevada

8

89102, also identified as Clark County Assessor's Parcel Number 162-05-513-035 in the sum of $221,735.99 and that this sum shall be and hereby is further reduced to Judgment in favor of EUGENE TUMBARELLO and SHAMROCK PAINTING and against Defendants ELIZABETH RAMSEY and GREGG CHAMBERS.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the sum of $221,735.99 as reduced to Judgment shall continue to accrue post-judgment interest from the date of the entry of the Judgment until paid in full.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the total Judgment Sum for enforcement of the Settlement Agreement shall be $221,735.99, that this Judgment Sum shall constitute a deed of trust lien on the 1207 Westlund property and 1201 Westlund property and shall accrue post-judgment interest in accordance with the terms of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon the recordation of this Order reducing the Settlement Agreement to Judgment, that Plaintiffs shall substitute this Order and Judgment for the lis pendens recorded as against the 1207 Westlund property and 1201 Westlund property.

. . . .

9

BPC

1  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Order and Judgment shall be considered a final adjudication of all claims, counterclaims, cross-claims and affirmative defenses raised by all Parties.

DATED AND DONE this 5th day of March, 2019.

*[signature]*
DISTRICT COURT JUDGE

Submitted by:
PREMIER LEGAL GROUP

By: *[signature]*
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Attorney for Plaintiffs

Reviewed as to Form/Content:
BENJAMIN B. CHILDS, CHTD.

By: *[signature]* 3/1/19
BENJAMIN B. CHILDS, ESQ.
Nevada Bar No. 003946
318 South Maryland Parkway
Las Vegas, Nevada 89101
(702) 251-0000
Attorneys for Defendants

10