# REPLY EXHIBIT "D"

REPLY EXHIBIT "D"

Electronically Filed
6/4/2019 10:19 AM
Steven D. Grierson
CLERK OF THE COURT

BENJAMIN B. CHILDS, SR, ESQ.
State Bar # 3946
BENJAMIN B. CHILDS, LTD.
318 South Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 385-3865
Facsimile: (702) 385-1847
ben@benchilds.com
Attorney for Defendants

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| EUGENE TUMBARELLO and SHAMROCK PAINTING, INC | CASE NO. A-17-763560-C<br>DEPT. NO. XIX |
| Plaintiffs/Counterdefendants | |
| v. | DEFENDANTS' MOTION TO STAY AND FOR OTHER RELIEF |
| ELIZABETH RAMSEY and GREGG CHAMBERS | |
| Defendants/Counterclaimants | HEARING REQUESTED |

## NOTICE OF MOTION

The Court will issue a Notice of Hearing directed to PLAINTIFFS **EUGENE TUMBARELLO and SHAMROCK PAINTING, INC** through their attorney JAY SHAFER

COME NOW Defendants/Counterclaimants **ELIZABETH RAMSEY and GREGG CHAMBERS [referred to as Plaintiffs]**, by and through their attorney, BENJAMIN B. CHILDS, ESQ., and file a motion to dismiss and for related relief.

## PROCEDURAL HISTORY

Plaintiffs/Counterdefendants EUGENE TUMBARELLO and SHAMROCK PAINTING, INC [Plaintiffs] filed the instant complaint In October, 2017 and the case proceeded through motion practice.  The lawsuit involved ownership of two residential parcels in Las Vegas, 1201 Westlund and 1207 Westlund Las

Vegas, NV 89102.  No discovery was performed.  Two appeals were timely filed by Defendants following injunctive relief.

The case was settled through the Nevada Supreme Court Settlement Program and a written Memorandum of Understanding was executed by the parties on August 15, 2018. [Exhibit A, referred to herein as the Memo].  The Memo contained the following provisions.

* \*  The Memo expressly was "a global release of all claims". [ Section 7]
* \*  "Both sides to bear their own attorney fees and costs"[1] [Section 8]
* \*  "The agrees agree to dismiss the pending legal action in Dist. Court Case No. A0-17-763560-C and the Matters on Appeal ..." [Section 6]

Plaintiffs filed a Motion to Enforce and the case was concluded with a Judgment being entered on March 8, 2019. [Exhibit B].

Defendants timely appealed the judgment, with one basis of the appeal being that this "court's judgment was enforcing a settlement agreement specific to identified parcels of real property, but the judgment is against Appellants personally and not specific to identified parcels of real property." [Exhibit C, Docketing Statement Page 4 Section 9]

Plaintiffs initiated a writ of execution and set a sheriffs sale on both properties for July 17, 2019. [Exhibit D]

Defendants timely filed their Claim of Homestead Exemptions, and Plaintiffs filed Objections on May 29, 2019 [objecting to Chambers' exemption] and May 30, 2019 [objecting to Ramsey's exemption].   Plaintiffs expressly state that they are interpreting the March 8, 2019 Judgment as this Court having "entered a Deed of Trust as against the 1207 Property".  Plaintiffs'

Page 2 of 11

objection to Chambers' exemption states "Plaintiffs are protected by a Deed of Trust on the 1207 Property equal to the Judgment Sum" and that the homestead cannot "defeat Plaintiffs' deed of trust interest in the 1207 Property." [Exhibit E, page 15]   Plaintiffs' objection to Ramsey's exemption states "The Court entered a Deed of Trust as against the 1201 Property" and that the homestead cannot "defeat Plaintiffs' deed of trust in and to the 1201 Westlund Property.  Very simply, a homestead cannot defeat a deed of trust interest" [Exhibit F, page 15]

## POINTS AND AUTHORITIES

1. Plaintiffs are proceeding to collect using the procedures set forth in NRS Chapter 21 Enforcement of Judgments.  The Writs of Execution and related documents [Exhibit D] are issued under that statute.

However, Plaintiffs are taking the position in their Objection to Defendants' claims of homestead exemption that Plaintiffs are collecting on a "Deed of Trust". [Exhibits E and F]   Thus, NRS Chapter 21 Execution of Judgments cannot be utilized, as set forth below.

2. NRS 107.400 - NRS 560 GOVERN JUDICIAL FORECLOSURE

Plaintiffs take the position that the March 8, 2019 Judgment created a Deed of Trust interest in both properties, for the entire "Judgment Sum".   If that is true, they cannot collect using a sheriff's sale.   Pursuant to NRS 107.480(2), Plaintiffs must foreclose following the requirements of NRS 107.400 to 107.560.

> NRS 107.480 Restrictions on trustee's power of sale and civil actions for foreclosure sales.
> 1. In addition to the requirements of NRS 40.439, 107.085 and 107.086, the exercise of a trustee's power of sale pursuant to NRS

Page 3 of 11

107.080 with respect to a deed of trust securing a residential mortgage loan is subject to the provisions of NRS 107.400 to 107.560, inclusive.

**2. In addition to the requirements of NRS 40.430 to 40.4639, inclusive, a civil action for a foreclosure sale pursuant to NRS 40.430 involving a failure to make a payment required by a residential mortgage loan is subject to the requirements of NRS 107.400 to 107.560, inclusive.**

Plaintiffs need to proceed through a judicial foreclosure, following the procedures and requirements of "**requirements of NRS 107.400 to 107.560, inclusive.**" These requirements include a 107.500 letter 30 days prior to recording a notice of default, Defendants must have the ability to request foreclosure mediation, etc.

NRS 40.430  Action for recovery of debt secured by mortgage or other lien; "action" defined.
   1. Except in cases where a person proceeds under subsection 2 of NRS 40.495 or subsection 1 of NRS 40.512, and except as otherwise provided in NRS 118C.220, there may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate. That action must be in accordance with the provisions of NRS 40.426 to 40.459, inclusive. In that action, the judgment must be rendered for the amount found due the plaintiff, and the court, by its decree or judgment, may direct a sale of the encumbered property, or such part thereof as is necessary, and apply the proceeds of the sale as provided in NRS 40.462.
   2. This section must be construed to permit a secured creditor to realize upon the collateral for a debt or other obligation agreed upon by the debtor and creditor when the debt or other obligation was incurred.
   3. At any time not later than 5 business days before the date of sale directed by the court, if the deficiency resulting in the action for the recovery of the debt has arisen by failure to make a payment required by the mortgage or other lien, the deficiency may be made good by payment of the deficient sum and by payment of any costs,

fees and expenses incident to making the deficiency good. If a deficiency is made good pursuant to this subsection, the sale may not occur.

    4. A sale directed by the court pursuant to subsection 1 must be conducted in the same manner as the sale of real property upon execution, by the sheriff of the county in which the encumbered land is situated, and if the encumbered land is situated in two or more counties, the court shall direct the sheriff of one of the counties to conduct the sale with like proceedings and effect as if the whole of the encumbered land were situated in that county.

    5. Within 30 days after a sale of property is conducted pursuant to this section, the sheriff who conducted the sale shall record the sale of the property in the office of the county recorder of the county in which the property is located.

    6. As used in this section, an "action" does not include any act or proceeding:

    (a) To appoint a receiver for, or obtain possession of, any real or personal collateral for the debt or as provided in NRS 32.015.

    (b) To enforce a security interest in, or the assignment of, any rents, issues, profits or other income of any real or personal property.

    (c) To enforce a mortgage or other lien upon any real or personal collateral located outside of the State which does not, except as required under the laws of that jurisdiction, result in a personal judgment against the debtor.

    (d) For the recovery of damages arising from the commission of a tort, including a recovery under NRS 40.750, or the recovery of any declaratory or equitable relief.

    (e) For the exercise of a power of sale pursuant to NRS 107.080.

    (f) For the exercise of any right or remedy authorized by chapter 104 of NRS or by the Uniform Commercial Code as enacted in any other state, including, without limitation, an action for declaratory relief pursuant to chapter 30 of NRS to ascertain the identity of the person who is entitled to enforce an instrument pursuant to NRS 104.3309.

    (g) For the exercise of any right to set off, or to enforce a pledge in, a deposit account pursuant to a written agreement or pledge.

    (h) To draw under a letter of credit.

    (i) To enforce an agreement with a surety or guarantor if enforcement of the mortgage or other lien has been automatically

stayed pursuant to 11 U.S.C. § 362 or pursuant to an order of a federal bankruptcy court under any other provision of the United States Bankruptcy Code for not less than 120 days following the mailing of notice to the surety or guarantor pursuant to subsection 1 of NRS 107.095.

  (j) To collect any debt, or enforce any right, secured by a mortgage or other lien on real property if the property has been sold to a person other than the creditor to satisfy, in whole or in part, a debt or other right secured by a senior mortgage or other senior lien on the property.

  (k) Relating to any proceeding in bankruptcy, including the filing of a proof of claim, seeking relief from an automatic stay and any other action to determine the amount or validity of a debt.

  (l) For filing a claim pursuant to chapter 147 of NRS or to enforce such a claim which has been disallowed.

  (m) Which does not include the collection of the debt or realization of the collateral securing the debt.

  (n) Pursuant to NRS 40.507 or 40.508.

  (o) Pursuant to an agreement entered into pursuant to NRS 361.7311 between an owner of the property and the assignee of a tax lien against the property, or an action which is authorized by NRS 361.733.

  (p) Which is exempted from the provisions of this section by specific statute.

  (q) To recover costs of suit, costs and expenses of sale, attorneys' fees and other incidental relief in connection with any action authorized by this subsection.


  NRS 40.435  Judicial proceedings in violation of NRS 40.430; provisions of NRS 40.430 as an affirmative defense.

  1. The commencement of or participation in a judicial proceeding in violation of NRS 40.430 does not forfeit any of the rights of a secured creditor in any real or personal collateral, or impair the ability of the creditor to realize upon any real or personal collateral, if the judicial proceeding is:

  (a) Stayed or dismissed before entry of a final judgment; or

  (b) Converted into an action which does not violate NRS 40.430.

  2. If the provisions of NRS 40.430 are timely interposed as an affirmative defense in such a judicial proceeding, upon the motion of any party to the proceeding the court shall:

(a) Dismiss the proceeding without prejudice; or
(b) Grant a continuance and order the amendment of the pleadings to convert the proceeding into an action which does not violate NRS 40.430.
3. The failure to interpose, before the entry of a final judgment, the provisions of NRS 40.430 as an affirmative defense in such a proceeding waives the defense in that proceeding. Such a failure does not affect the validity of the final judgment, **but entry of the final judgment releases and discharges the mortgage or other lien.**
**4. As used in this section, "final judgment" means a judgment which imposes personal liability on the debtor for the payment of money and which may be appealed under the Nevada Rules of Appellate Procedure.**

NRS 40.495(5) prohibits waiver of the protections of NRS 40.430 for residential mortgages under $500,00.

**5. The provisions of NRS 40.430 may not be waived by a guarantor, surety or other obligor if the mortgage or lien:**
(a) Secures an indebtedness for which the principal balance of the obligation was never greater than $500,000;
(b) Secures an indebtedness to a seller of real property for which the obligation was originally extended to the seller for any portion of the purchase price;
(c) Is secured by real property which is used primarily for the production of farm products as of the date the mortgage or lien upon the real property is created; **or**
(d) Is secured by real property upon which:
(1) The owner maintains the owner's principal residence;
(2) There is not more than one residential structure; and
(3) Not more than four families reside.

This court has inherent authority to enforce it's own orders.    NRCP 60 and 62(b)(4) are relevant to the instant proceeding.

Rule 60.  Relief From a Judgment or Order

(a) Corrections Based on Clerical Mistakes; Oversights and

Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief From a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.
    (1) Timing. A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than 6 months after the date of the proceeding or the date of service of written notice of entry of the judgment or order, whichever date is later. The time for filing the motion cannot be extended under Rule 6(b).
    (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:
    (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
    (2) upon motion filed within 6 months after written notice of entry of a default judgment is served, set aside the default judgment against a defendant who was not personally served with a summons and complaint and who has not appeared in the action, admitted service, signed a waiver of service, or

otherwise waived service; or
(3) set aside a judgment for fraud upon the court.


Rule 62. Stay of Proceedings to Enforce a Judgment

(b) Stay Pending the Disposition of Certain Postjudgment Motions. On appropriate terms for the opposing party's security, the court may stay execution on a judgment — or any proceedings to enforce it — pending disposition of any of the following motions:

(1) under Rule 50, for judgment as a matter of law;
(2) under Rule 52(b), to amend the findings or for additional findings;
(3) under Rule 59, for a new trial or to alter or amend a judgment; or
**(4) under Rule 60, for relief from a judgment or order.**

LEGAL ARGUMENT

Plaintiffs can't have it both ways. They have issued a writ for a sheriffs sale [Exhibit D] under the enforcement of judgment statute, NRS Chapter 21.

But they are taking the position that they are foreclosing a Deed of Trust granted in the March 8, 2019 Judgment. [Exhibits E and F]

Pursuant to NRS 40,435 (3) Plaintiffs' Deed of Trust has been released and discharged because final judgment has been entered against Defendants. NRS 40,435 (4) defines a "final judgment" as **"a judgment which imposes personal liability on the debtor for the payment of money and which may be appealed under the Nevada Rules of Appellate Procedure."** Obviously personal liability has been imposed on Defendants [debtors] for the payment of money and the "final judgment" may be appealed, because the case actually is on appeal.

///

RELIEF SOUGHT

Defendants file this motion asking the Court to clarify whether the March 8, 2019 is a personal Judgment against Defendants, or a Deed of Trust encumbering title to the 1201 Westlund and 1207 Westlund properties.

The Sheriff's Sale should be stayed pending a ruling on this motion. As authorized by NRCP 62(b). No security should be required because the real property being encumbered is sufficient security.

Finally, the Lis Pendens have not been canceled by Plaintiff as required by the March 8, 2019 Judgment [Exhibit B, 9:16]. Exhibit G is the printouts for both APNs evidencing that no release of lis pendens has been recorded. Defendants propose that the most efficient method would be to just have a specific order that the each recorded Lis Pendens is canceled. The Amended Lis Pendens on 1201 Westlund is recorded as instrument # 20171225-0000615 and the Lis Pendens on 1207 Westlund is recorded as instrument # 20171024-0001423.

CONCLUSION

The Court should clarify whether, pursuant to the March 8, 2019 Judgment, Plaintiffs have a Deed of Trust interest in the two Subject Properties, or if Plaintiffs have personal judgments against Defendants.

The Sheriff's Sale should be stayed pending a ruling on this motion.

The Court should specifically order that the each recorded Lis Pendens is canceled. The Amended Lis Pendens on 1201 Westlund is recorded as instrument # 20171225-0000615 and the Lis Pendens on 1207 Westlund is recorded as instrument # 20171024-0001423.

/s/ Benjamin B. Childs, Sr.
BENJAMIN B. CHILDS, Sr.
Nevada Bar # 3946
Attorney for Defendants

Exhibits attached :

A. Memorandum of Understanding dated August 15, 2018
B. Judgment filed March 8, 2019
C. Notice of Appeal filed April 9, 2019 and Docketing Statement filed April 29, 2019
D. Writs and Sheriff Sale documents
E. Excerpt of Plaintiff's Objection filed May 29, 2019 to Chambers' Claim of Homestead Exemption [pages 13 and 14]
F. Excerpt of Plaintiff's Objection filed May 30, 2019 to Ramsey's Claim of Homestead Exemption [page 15]
G. Recorder printouts for Subject Properties

CERTIFICATE OF ELECTRONIC SERVICE


     This MOTION TO STAY AND FOR OTHER RELIEF, with exhibits, was served through the Odessey File and Serve system to opposing counsel at filing. Electronic service is in lieu of mailing.


/s/ Benjamin B. Childs, Sr

---

BENJAMIN B. CHILDS, SR ESQ.
NEVADA BAR # 3946