# REPLY EXHIBIT "E"

# REPLY EXHIBIT "E"

# REPLY EXHIBIT "E"

Electronically Filed
6/4/2019 7:53 PM
Steven D. Grierson
CLERK OF THE COURT

1   BENJAMIN B. CHILDS, ESQ.
    State Bar # 3946
2   BENJAMIN B. CHILDS, LTD.
    318 South Maryland Parkway
3   Las Vegas, Nevada 89101
    Telephone: (702) 385-3865
4   Facsimile: (702) 385-1847
    ben@benchilds.com
5   Attorney for Defendants

6                   DISTRICT COURT
                CLARK COUNTY, NEVADA
7

8   EUGENE TUMBARELLO and          )   CASE NO. A-17-763560-C
    SHAMROCK PAINTING, INC         )   DEPT. NO. XIX
9                                  )
10           **Plaintiffs**        )   **ELIZABETH RAMSEY 'S**
                                   )   RESPONSE TO OBJECTION TO
11  v.                             )   CLAIM. OF EXEMPTION
                                   )   FROM EXECUTION
12  **ELIZABETH RAMSEY and GREGG CHAMBERS**)
13          Defendants            )

14

15      Defendants filed a Motion to Stay and for other relief which

16  addresses many of the same issues raised by Plaintiffs in their Objection

17  and in this Response in more detail.  That Motion is set for hearing on July

18  9, 2019.  Thus, Ramsey suggests that the Court may want to move the

19  hearing date on Plaintiff's Objection to that date.

20      Many of the same arguments will be set forth herein as are contained

21  in Defendants' Motion to Stay to avoid waiving any issues.

22      Additionally, for the Court's information, the parties are engaged in

23  settlement discussions through the Nevada Supreme Court Settlement

24  Program, using Settlement Judge Ara Shirinian.

25

26  **1. Pursuant to NRS 21.090(1), Defendants' homes are exempt from**

27  **execution.**

28

29

30      For some reason Plaintiffs spend a lot of time in their Objection

31

32                                              Page 1 of 22

throwing around the "F" word,  accusing Ramsey of a fraudulent transfer. Ramsey is solely seeking protection for her homestead propery at 1201 Westlund.  Plaintiffs spend a lot of time, wasted ink and paper talking about 1207 Westlund.  Again, Ramsey is solely claiming a homestead exemption on 1201 Westlund.

Plaintiffs' Objections violate NRS 21.090 (1) which states: "The following property is <u>exempt</u> from execution, except as otherwise specifically provided in this section or required by federal law:

> (1) The **homestead** as provided for by law, including a homestead for which allodial title has been established and not relinquished and for which a waiver executed pursuant to NRS 115.010 is not applicable.
>
> (m) The **dwelling of the judgment debtor** occupied as a home for himself or herself and family, where the amount of equity held by the judgment debtor in the home does not exceed $550,000 in value and the dwelling is situated upon lands not owned by the judgment debtor." (emphasis added).

See also the Nevada Constitution, Article 4 § 30 (Homesteads) which holds: "A homestead as provided by law, shall be <u>exempt</u> from forced sale under any process of law ...." There are few exceptions to the homestead exemptions and none of these exemptions apply or exist in

this case.    Ramsey has never abandoned her homestead declaration on

1201 Westlund.

This court must interpret NRS 21.090 and homestead rights in favor

of debtors. In re Contrevo v. Mercury Finance, 153 P.3d 652 at 654 (Nev.

2007)("... this court has, in the past, liberally construed the homestead

exemption in favor of the debtor"); See also Herndon v. Grilz, 920 P.2d 998

at 1001 (Nev. 1996)("Nevada has consistently given great deference to

homesteads and ... when the right to claim a homestead and a judgment

lien attach simultaneously to a piece of property, the homestead right

prevails." "Accordingly, we conclude that the district court erred when it

failed to recognize Herndon's homestead exemption").

The following additional statutes support Defendants' exemption

claims.

NRS 115.010  Exemption from sale on execution and from
process of court; amount of exemption; exceptions; extension
of exemption.
    1.  The homestead is not subject to forced sale on

Page 3 of  22

execution or any final process from any court, except as otherwise provided by subsections 2, 3 and 5, and NRS 115.090 and except as otherwise required by federal law.

2. The exemption provided in subsection 1 extends only to that amount of equity in the property held by the claimant which does not exceed $550,000 in value, unless allodial title has been established and not relinquished, in which case the exemption provided in subsection 1 extends to all equity in the dwelling, its appurtenances and the land on which it is located.

3. Except as otherwise provided in subsection 4, the exemption provided in subsection 1 does not extend to process to enforce the payment of obligations contracted for the purchase of the property, or for improvements made thereon, including any mechanic's lien lawfully obtained, or for legal taxes, or for:

(a) Any mortgage or deed of trust thereon executed and given, including, without limitation, any second or subsequent mortgage, mortgage obtained through refinancing, line of credit taken against the property and a home equity loan; or

(b) Any lien to which prior consent has been given through the acceptance of property subject to any recorded declaration of restrictions, deed restriction, restrictive covenant or equitable servitude, specifically including any lien in favor of an association pursuant to NRS 116.3116 or 117.070, by both spouses, when that relation exists.

4. If allodial title has been established and not relinquished, the exemption provided in subsection 1 extends to process to enforce the payment of obligations contracted for

the purchase of the property, and for improvements made
thereon, including any mechanic's lien lawfully obtained, and
for legal taxes levied by a state or local government, and for:

(a) Any mortgage or deed of trust thereon; and

(b) Any lien even if prior consent has been given through
the acceptance of property subject to any recorded declaration
of restrictions, deed restriction, restrictive covenant or equitable
servitude, specifically including any lien in favor of an
association pursuant to NRS 116.3116 or 117.070, unless a
waiver for the specific obligation to which the judgment relates
has been executed by all allodial titleholders of the property.

## 2.    IF PLAINTIFFS' ARGUMENTS PREVAIL, THEY NEED TO FORECLOSE AS A DEED OF TRUST EITHER BY INITIATING JUDICIAL FORECLOSURE, OR COMPLYING WITH THE FORECLOSURE STATUTE

NRS 115.010 (3)(a) does exempt deeds of trust from the protection

of the homestead protection.   Plaintiffs' Objection states on Page 15

that  "The Court entered a Deed of Trust as against the 1201 Property"

and that the homestead cannot "defeat Plaintiffs' deed of trust in and to

the 1201 Westlund Property.  Very simply, a homestead cannot defeat a

deed of trust interest".    This is one of the exact issues upon which is

being addressed in Defendants' appeal. [Exhibit A]  To address this

issue now is welcomed and a main reason why Defendants filed their

Motion to Stay.

If Plaintiff's legal interpretation is true, Plaintiff cannot collect by a

judgment execution.  It must foreclose either through a judicial

foreclosure or a non-judicial foreclosure under the NRS 107.

**A.    PLAINTIFFS' ACTIONS VIOLATE THE ONE ACTION RULE**

Nevada's One Action Rule, specifically NRS 40.435, "releases and

discharges the mortgage or other lien" upon entry of a final judgment.

NRS 40.435

    3.  The failure to interpose, before the entry of a final judgment, the provisions of NRS 40.430 as an affirmative defense in such a proceeding waives the defense in that proceeding. Such a failure does not affect the validity of the final judgment, **but entry of the final judgment releases and discharges the mortgage or other lien.**

    4.  As used in this section, "final judgment" means a judgment which imposes personal liability on the debtor for the payment of money and which may be appealed under the Nevada Rules of Appellate Procedure.

The judgement is against the debtors, and is obviously a final, appealable judgment; indeed, it's on appeal now based some of the exact arguments which Plaintiffs make in their Objections.

NRS 40.430  Action for recovery of debt secured by mortgage or other lien; "action" defined.

NRS 40.430  Action for recovery of debt secured by mortgage or other lien; "action" defined.

    1.  Except in cases where a person proceeds under subsection 2 of NRS 40.495 or subsection 1 of NRS 40.512, and except as otherwise provided in NRS 118C.220, there

may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate. That action must be in accordance with the provisions of NRS 40.426 to 40.459, inclusive. In that action, the judgment must be rendered for the amount found due the plaintiff, and the court, by its decree or judgment, may direct a sale of the encumbered property, or such part thereof as is necessary, and apply the proceeds of the sale as provided in NRS 40.462.

2. This section must be construed to permit a secured creditor to realize upon the collateral for a debt or other obligation agreed upon by the debtor and creditor when the debt or other obligation was incurred.

3. At any time not later than 5 business days before the date of sale directed by the court, if the deficiency resulting in the action for the recovery of the debt has arisen by failure to make a payment required by the mortgage or other lien, the deficiency may be made good by payment of the deficient sum and by payment of any costs, fees and expenses incident to making the deficiency good. If a deficiency is made good pursuant to this subsection, the sale may not occur.

4. A sale directed by the court pursuant to subsection

1 must be conducted in the same manner as the sale of real property upon execution, by the sheriff of the county in which the encumbered land is situated, and if the encumbered land is situated in two or more counties, the court shall direct the sheriff of one of the counties to conduct the sale with like proceedings and effect as if the whole of the encumbered land were situated in that county.

5.  Within 30 days after a sale of property is conducted pursuant to this section, the sheriff who conducted the sale shall record the sale of the property in the office of the county recorder of the county in which the property is located.

6.  As used in this section, an "action" does not include any act or proceeding:

(a) To appoint a receiver for, or obtain possession of, any real or personal collateral for the debt or as provided in NRS 32.015.

(b) To enforce a security interest in, or the assignment of, any rents, issues, profits or other income of any real or personal property.

(c) To enforce a mortgage or other lien upon any real or personal collateral located outside of the State which does not, except as required under the laws of that jurisdiction, result in a personal judgment against the debtor.

(d) For the recovery of damages arising from the commission of a tort, including a recovery under NRS 40.750, or the recovery of any declaratory or equitable relief.

(e) For the exercise of a power of sale pursuant to NRS 107.080.

(f) For the exercise of any right or remedy authorized by chapter 104 of NRS or by the Uniform Commercial Code as enacted in any other state, including, without limitation, an action for declaratory relief pursuant to chapter 30 of NRS to ascertain the identity of the person who is entitled to enforce an instrument pursuant to NRS 104.3309.

(g) For the exercise of any right to set off, or to enforce a pledge in, a deposit account pursuant to a written agreement or pledge.

(h) To draw under a letter of credit.

(i) To enforce an agreement with a surety or guarantor if enforcement of the mortgage or other lien has been automatically stayed pursuant to 11 U.S.C. § 362 or pursuant to an order of a federal bankruptcy court under any other provision of the United States Bankruptcy Code for not less than 120 days following the mailing of notice to the surety or guarantor pursuant to subsection 1 of NRS 107.095.

(j) To collect any debt, or enforce any right, secured by

a mortgage or other lien on real property if the property has been sold to a person other than the creditor to satisfy, in whole or in part, a debt or other right secured by a senior mortgage or other senior lien on the property.

(k) Relating to any proceeding in bankruptcy, including the filing of a proof of claim, seeking relief from an automatic stay and any other action to determine the amount or validity of a debt.

(l) For filing a claim pursuant to chapter 147 of NRS or to enforce such a claim which has been disallowed.

(m) Which does not include the collection of the debt or realization of the collateral securing the debt.

(n) Pursuant to NRS 40.507 or 40.508.

(o) Pursuant to an agreement entered into pursuant to NRS 361.7311 between an owner of the property and the assignee of a tax lien against the property, or an action which is authorized by NRS 361.733.

(p) Which is exempted from the provisions of this section by specific statute.

(q) To recover costs of suit, costs and expenses of sale, attorneys' fees and other incidental relief in connection with any action authorized by this subsection.

The one-action rule prohibits seeking personal recovery and then attempting in additional suit to recover against collateral. When raised as an affirmative defense, the one-action rule can only be used to force the creditor to exhaust the security before entry of a deficiency judgment. Whether or not the debtor pleads violation of the one-action rule as an affirmative defense to the separate action, NRS 40.430 does not excuse the underlying debt. Rather, the one-action rule prohibits first seeking the personal recovery against the collateral. Bonicamp v. Vazquez, 120 Nev. 377, 91 P.3d 584 (2004), cited, Walters v. Dist. Ct., 127 Nev. 723, at 729, 263 P.3d 231 (2011), see also McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC, 121 Nev. 812, 123 P.3d 748 (2005)

Purpose of "one-action rule" was to permit secured creditor to pursue alternate remedies but not both at once. The purpose of the "one-action rule" established by NRS 40.430 was to change the common-law rule to permit a secured creditor to pursue alternate remedies of sale under the power of sale in an instrument or judicial foreclosure, but not both at once. Paramount Ins., Inc. v. Rayson & Smitley, 86 Nev. 644, 472 P.2d 530 (1970), cited, Paradise Homes v.

Eighth Judicial Dist. Court, 87 Nev. 617, at 618, 491 P.2d 1277 (1971),

Nevada Wholesale Lumber Co. v. Myers Realty, Inc., 92 Nev. 24, at 28,

544 P.2d 1204 (1976), Component Systems Corp. v. Eighth Judicial

Dist. Court, 101 Nev. 76, at 81, 692 P.2d 1296 (1985), United States v.

Cail, 746 F. Supp. 1035, at 1038 (D. Nev. 1990), distinguished, First

Nat'l Bank v. Barengo, 91 Nev. 396, at 397, 536 P.2d 487 (1975)

Plaintiff could not pursue hybrid course to obtain advantages not

contemplated by either judicial foreclosure or nonjudicial sale and action

on a note. Where an action seeking a deficiency judgment was

commenced prior to nonjudicial trustee's sale under the deed of trust,

and the complaint was thereafter amended to set up a subsequent sale

and resulting "deficiency," a permanent writ of prohibition against further

proceedings in the action was issued because plaintiff was limited to

remedies of judicial foreclosure pursuant to NRS 40.430 et seq., or

nonjudicial sale and action on the note after security was exhausted, and

could not pursue the hybrid course to obtain advantages not

contemplated by either method. Paradise Homes v. Eighth Judicial Dist.

Court, 87 Nev. 617, 491 P.2d 1277 (1971)

Plaintiff loses all security rights in real property regarding a debt by failing to exhaust the security before bringing an action on the underlying debt. Where the holder of a promissory note secured by a deed of trust elected to obtain a personal judgment against the debtor in an action on an open account with ancillary attachment of the property covered by the trust deed without having exhausted its security under the trust deed as required by the "one action" rule (see NRS 40.430), the failure of the debtor to assert NRS 40.430 as an affirmative defense in the action on the open account did not prevent the successor in interest of the debtor from invoking the sanctions aspect of the statute in a subsequent action to compel reconveyance under the trust deed, because by failing to exhaust the security before bringing the action on the underlying debt all security rights in the real property regarding the debt in question were lost. Nevada Wholesale Lumber Co. v. Myers Realty, Inc., 92 Nev. 24, 544 P.2d 1204 (1976), cited, Keever v. Nicholas Beers Co., 96 Nev. 509, at 513, 611 P.2d 1079 (1980), Bonicamp v. Vazquez, 120 Nev. 377, at 380, 91 P.3d 584 (2004), McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC, 121 Nev. 812, at 816, 123 P.3d 748 (2005)

Mandamus was issued to compel respondent to reconvey deeds of trust after simultaneously seeking relief under security and underlying debt. In a proceeding for a writ of mandamus to compel reconveyance of deeds of trust, where respondent entered into a series of financing agreements with corporations (petitioners) whose officers executed personal guaranties of corporate loans which were secured by various deeds of trust on real property held by officers as natural persons and, upon default of those loans, respondent instituted nonjudicial sales of secured properties, respondent, in an action brought by petitioners for breach of financing agreements, was simultaneously seeking relief under the security and underlying debt in violation of NRS 40.430 when he raised counterclaims based on corporate loans and obligations, because: (1) personal guaranties and underlying corporate debts were one obligation; and (2) respondent's counterclaims were not compulsory under N.R.C.P. 13(a) as it had not sold the security as required by NRS 40.455 nor conducted a hearing pursuant to NRS 40.457 to determine the fair market value of that security and, therefore, had no claim for a personal judgment against petitioners. Thus, a writ of mandamus was

issued ordering the trial court to issue an order requiring respondent to

reconvey all deeds of trust given to it by petitioners. Component

Systems Corp. v. Eighth Judicial Dist. Court, 101 Nev. 76, 692 P.2d

1296 (1985)

Judicial proceeding cannot be converted after judgment is final. A

judicial proceeding cannot be converted pursuant to NRS 40.435 into an

action which does not violate NRS 40.430 after the judgment is final.

Bonicamp v. Vazquez, 120 Nev. 377, 91 P.3d 584 (2004)

The penalty for violation of the one-action rule, set forth in NRS

40.435, set forth below, is that the mortgage is released and discharged.

For clarity defines the word mortgage as including a deed of trust.


NRS 0.037  "Mortgage" includes deed of trust.  Except as used in
chapter 106 of NRS and unless the context otherwise requires,
"mortgage" includes a deed of trust.


NRS 40.435  Judicial proceedings in violation of NRS
40.430; provisions of NRS 40.430 as an affirmative defense.
    1.  The commencement of or participation in a judicial

proceeding in violation of NRS 40.430 does not forfeit any of the rights of a secured creditor in any real or personal collateral, or impair the ability of the creditor to realize upon any real or personal collateral, if the judicial proceeding is:

    (a) Stayed or dismissed before entry of a final judgment; or

    (b) Converted into an action which does not violate NRS 40.430.

2. If the provisions of NRS 40.430 are timely interposed as an affirmative defense in such a judicial proceeding, upon the motion of any party to the proceeding the court shall:

    (a) Dismiss the proceeding without prejudice; or

    (b) Grant a continuance and order the amendment of the pleadings to convert the proceeding into an action which does not violate NRS 40.430.

3. The failure to interpose, before the entry of a final judgment, the provisions of NRS 40.430 as an affirmative defense in such a proceeding waives the defense in that proceeding. Such a failure does not affect the validity of the final judgment, but entry of the final judgment releases and discharges the mortgage or other lien.

4. As used in this section, "final judgment" means a judgment which imposes personal liability on the debtor for the payment of money and which may be appealed under the Nevada Rules of Appellate Procedure.

NRS 40.495(5) prohibits waiver of the protections of NRS 40.430

for residential mortgages under $500,00.


5. **The provisions of NRS 40.430 may not be waived by a guarantor, surety or other obligor if the mortgage or lien:**

(a) Secures an indebtedness for which the principal balance of the obligation was never greater than $500,000;

(b) Secures an indebtedness to a seller of real property for which the obligation was originally extended to the seller for any portion of the purchase price;

(c) Is secured by real property which is used primarily for the production of farm products as of the date the mortgage or lien upon the real property is created; **or**

(d) Is secured by real property upon which:

(1) The owner maintains the owner's principal residence;

(2) There is not more than one residential structure; and

(3) Not more than four families reside.


NRS 40.437 affords additional protections to actions affecting

owner-occupied housing.  Particularly, that they are entitled to the

protections of the foreclosure mediation rules.

**B.   NRS 107.400 - NRS 560 GOVERN JUDICIAL FORECLOSURE**

Plaintiffs take the position that the March 8, 2019 Judgment

created a Deed of Trust interest in both properties, for the entire

"Judgment Sum".   If that is true, they cannot collect using a sheriff's

sale.   Pursuant to NRS 107.480(2), Plaintiffs must foreclose following

the requirements of NRS 107.400 to 107.560.

> NRS 107.480  Restrictions on trustee's power of sale and civil
> actions for foreclosure sales.
>
> 1.  In addition to the requirements of NRS 40.439, 107.085
> and 107.086, the exercise of a trustee's power of sale pursuant to
> NRS 107.080 with respect to a deed of trust securing a residential
> mortgage loan is subject to the provisions of NRS 107.400 to
> 107.560, inclusive.
>
> **2.  In addition to the requirements of NRS 40.430
> to 40.4639, inclusive, a civil action for a foreclosure**

**sale pursuant to NRS 40.430 involving a failure to make a payment required by a residential mortgage loan is subject to the requirements of NRS 107.400 to 107.560, inclusive.**

Plaintiffs need to proceed through a judicial foreclosure, following the procedures and requirements of "**requirements of NRS 107.400 to 107.560, inclusive.**"  These requirements include a 107.500 letter 30 days prior to recording a notice of default, Defendants must have the ability to request foreclosure mediation, etc.

**CONCLUSION**

Ramsey's homestead claim was recorded and is valid.   Nevada has a long history of protecting homestead property.

Plaintiffs can't have it both ways.  They have issued a writ for a sheriffs sale [Exhibit B] under the enforcement of judgment statute, NRS Chapter 21.   But they are taking the position that they are foreclosing a

Deed of Trust granted in the March 8, 2019 Judgment. [See Page 15 of

their Objection]

Pursuant to NRS 40,435 (3)  Plaintiffs' Deed of Trust has been

released and discharged because final judgment has been entered

against Defendants.    NRS 40,435 (4) defines a "final judgment" as **"a**

**judgment which imposes personal liability on the debtor for the**

**payment of money and which may be appealed under the Nevada**

**Rules of Appellate Procedure."**  Obviously personal liability has been

imposed on Defendants [debtors] for the payment of money and the

"final judgment" may be appealed, because the case actually is on

appeal.

/s/ Benjmain B. Childs, Sr
BENJAMIN B. CHILDS, SR,  ESQ.
Nevada Bar No.: 3946
Attorney for Defendants

Exhibits

A       Notice of Appeal filed  April 9, 2019 and Docketing Statement filed
         April 29, 2019
B       Writ and Sheriff Sale documents

CERTIFICATE OF SERVICE


     This RAMSEY'S RESPONSE TO OBJECTION TO CLAIM OF EXEMPTION FROM EXECUTION, with exhibits. was served through the Odessey File and Serve. system to opposing counsel at filing.  Electronic service is in lieu of mailing.




/s/ Benjamin B. Childs

_____

BENJAMIN B. CHILDS, ESQ.
NEVADA BAR # 3946