# REPLY EXHIBIT "F"

# REPLY EXHIBIT "F"

Electronically Filed
7/22/2019 4:13 PM
Steven D. Grierson
CLERK OF THE COURT

1  ORD
   R. CHRISTOPHER READE, ESQ.
2  Nevada Bar No. 006791
   CORY READE DOWS & SHAFER
3  1333 North Buffalo Drive, Suite 210
   Las Vegas, Nevada 89128
4  Telephone: (702) 794-4411
   Fax: (702) 794-4421
5  CReade@premierlegalgroup.com
   Attorney for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| EUGENE TUMBARELLO, an Individual, SHAMROCK PAINTING, INC., | |
| Plaintiff, | Case No.: A-17-763560-C<br>Dept. No.: XIX |
| vs. | |
| ELIZABETH RAMSEY, an Individual; GREGG CHAMBERS, an Individual; DOES 1 through 100; and ROE BUSINESS ENTITIES I through C, inclusive, | **ARBITRATION EXEMPT**<br>(Equitable, Declaratory and Extraordinary Relief; Title to Real Property) |
| Defendants. | |

### ORDER DENYING JUDGMENT DEBTORS' CLAIMS OF EXEMPTION FROM EXECUTION AND ORDER GRANTING IN PART AND DENYING IN PART JUDGMENT DEBTORS' MOTION FOR STAY

Date of Hearing: July 9th, 2019
Time of Hearing: 9:00 a.m.

Plaintiffs/Judgment Creditors EUGENE TUMBARELLO and SHAMROCK PAINTING INC.'s OBJECTION TO JUDGMENT DEBTOR ELIZABETH RAMSEY'S AND OBJECTION TO JUDGMENT DEBTOR GREGG CHAMBERS'S CLAIMS OF EXEMPTION FROM EXECUTION OR IN THE ALTERNATIVE DETERMINATION THAT CERTAIN PROPERTY OF JUDGMENT DEBTOR IS NOT EXEMPT FROM EXECUTION AND GRANTING MOTION TO SET ASIDE FRAUDULENT TRANSFER PURSUANT TO NRS 112.140 *et. seq.*, as well as Judgment Debtors GREGG CHAMBERS and ELIZABETH

RAMSEY's MOTION FOR STAY, having come on for hearing on the 9th day of July, 2019. Plaintiffs EUGENE TUMBARELLO and SHAMROCK PAINTING INC. being represented by their counsel R. Christopher Reade, Esq. of the law firm of Cory Reade Dows & Shafer. Defendants ELIZABETH RAMSEY and GREGG CHAMBERS, being represented by their counsel Benjamin Childs, Esq. of the Benjamin B. Childs Chtd. with Defendant GREGG CHAMBERS also present. The Court having reviewed the papers and pleadings submitted on behalf of an by the respective parties, having read the Objections, Motions, Oppositions, Countermotions and/or Reply Briefs. The Court having heard argument of the parties and their counsel and for good cause appearing therefor, the Court hereby enters the following Findings of Fact, Conclusions of Law and Judgment.

## FINDINGS OF FACT

**THE COURT HEREBY FINDS** that this Court has already entered Judgment in favor of Plaintiffs/Judgment Creditors EUGENE TUMBARELLO and SHAMROCK PAINTING INC. and against Defendants/Judgment Debtors ELIZABETH RAMSEY and GREGG CHAMBERS [hereinafter collectively referred to as "Defendants"] regarding the ownership and investment of various monies and real property in Clark County, Nevada, more specifically (1) 1201 Westlund Drive, Las Vegas, Nevada 89102 [hereinafter "the 1201 Property"] and (2) 1207 Westlund Drive, Las Vegas, Nevada 89102 [hereinafter "the 1207 Property"] in the sum of $221,735.99 and that this sum was reduced to Judgment in favor of EUGENE TUMBARELLO and SHAMROCK PAINTING and against Defendants ELIZABETH RAMSEY and GREGG CHAMBERS. This interest was not merely reduced to a Judgment but was also enforced as a Deed of Trust as against the 1207 Westlund property and 1201 Westlun properyy in accordance with the Settlement Agreement entered in this matter.

**THE COURT FURTHER FINDS** that the Judgment Creditors have duly noticed upon

sales upon execution of the 1207 Westlund Property and 1201 Westlund properties for July 17th, 2019 through the Office of Clark County Sheriff, Civil Division.

**THE COURT FURTHER FINDS** that the Judgment Debtors have filed claims of exemption to the Sheriff's Sales of the 1207 Westlund Property and 1201 Westlund properties based upon claims of homestead(s) on the 1207 Westlund and 1201 Westlund properties.

**THE COURT FURTHER FINDS** that the Judgment Creditors have filed timely objections to Judgment Debtors' claims of exemption to the Sheriff's Sales of the 1207 Westlund Property and 1201 Westlund properties.

**THE COURT FURTHER FINDS** that the Judgment Creditors have filed a Motion for Stay of Execution on the Judgment to halt the sale of the 1207 Westlund Property and 1201 Westlund properties.

## CONCLUSIONS OF LAW

**THE COURT HEREBY FINDS** the judgment debtor has the burden to prove that he or she is entitled to the claimed exemption. NRS 21.112(6).

**THE COURT FURTHER FINDS** that the homestead asserted by Judgment Debtor ELIZABETH RAMSEY in and to the 1201 Westlund property does not apply and that Judgment Debtor ELIZABETH RAMSEY has failed to meet her burden to prove that Judgment Debtor is entitled to the claimed exemptions in the 1201 Westlund property. Maki v. Chong, 119 Nev. 390, 394, 75 P.3d 376, 379 (2003).

**THE COURT FURTHER FINDS** that the homestead asserted by Judgment Debtor GREGG CHAMBERS in and to the 1207 Westlund property does not apply and that Judgment Debtor GREGG CHAMBERS has failed to meet his burden to prove that Judgment Debtor is entitled to the claimed exemptions in the 1207 Westlund property. Maki v. Chong, 119 Nev. 390, 394, 75 P.3d 376, 379 (2003).

**THE COURT FURTHER FINDS** that the Court is willing to grant a stay of execution in favor of Judgment Debtors ELIZABETH RAMSEY and GREGG CHAMBERS upon the condition that Judgment Debtors ELIZABETH RAMSEY and GREGG CHAMBERS post a supersedeas bond with the Court in the judgment sum of $221,735.99 on or before July 23rd, 2019, at which time the stay of execution would go into effect.

**THE COURT FURTHER FINDS** that should Judgment Debtors ELIZABETH RAMSEY and GREGG CHAMBERS not post a supersedeas bond with the Court in the judgment sum of $221,735.99 on or before July 23rd, 2019 that no Stay shall issue in this matter and the Sheriffs' Sales of 1201 Westlund and 1207 Westlund shall proceed as noticed.

## ORDER

**THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that by Judgment Debtor ELIZABETH RAMSEY'S Claim of Exemption in and to the 1201 Westlund property is DENIED.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that by Judgment Debtor GREGG CHAMBERS's Claim of Exemption in and to the 1207 Westlund property is DENIED.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Judgment Debtors' Motion for Stay shall be and hereby is GRANTED IN PART.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Judgment Debtor shall be given a stay of execution until July 23rd, 2019 at 5:00 p.m. Pacific Time pending the requirement on Defendants/Judgment Debtors to post a supersedeas bond in the sum of $221,735.99.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that if Defendants/Judgment Debtors post a supersedeas bond in the sum of $221,735.99 on or before

July 23rd, 2019 at 5:00 p.m. Pacific Time, then the Stay shall be entered and effective for the pendency of the appeal to the Nevada Supreme Court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that if Defendants/Judgment Debtors do not post a supersedeas bond in the sum of $221,735.99 on or before July 23rd, 2019 at 5:00 p.m. Pacific Time, then the Stay shall automatically terminate on July 23rd, 2019 at 5:00 p.m. Pacific Time, and the Sheriffs' Sales upon execution of the 1201 Westlund Property and 1207 Westlund properties shall proceed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** Defendants' Motions are denied in all other respects.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall conduct a status check hearing on July 30th, 2019 at 9:00 a.m. for such further proceedings.

**DATED AND DONE** this ___15th___ day of July, 2019.

_____
DISTRICT COURT JUDGE

Submitted by:
CORY READE DOWS & SHAFER

By: _____
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Attorney for Plaintiffs/Judgment Creditors

5