Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 26, 2023

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

In re:                                   )   Case No.: 21-10230-MKN
                                         )   Chapter  7
ELIZABETH ANN RAMSEY,                    )
                                         )
            Debtor.                      )   Date:   May 24, 2023
                                         )   Time:   2:30 p.m.
                                         )

**ORDER ON TRUSTEE'S MOTION TO SELL REAL PROPERTY, PAY COMMISSION AND NORMAL CLOSING COSTS (1201 WESTLUND DRIVE, LAS VEGAS, NV 89102)**[1]

On May 24, 2023, the court heard the Trustee's Motion to Sell Real Property, Pay Commission and Normal Closing Costs (1201 Westlund Drive, Las Vegas, NV 89102) ("Sale Motion").  The appearances of counsel were noted on the record.  After arguments were presented, the matter was taken under submission.

**BACKGROUND**

Elizabeth Ann Ramsey ("Ramsey") filed a voluntary Chapter 7 petition on January 19, 2021.[2]  (ECF No. 1).  The case was assigned for administration to Chapter 7 panel trustee Lenard

---

[1] In this Order, all references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned case as they appear on the docket maintained by the clerk of the court.  All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.  All references to "FRBP" are to provisions of the Federal Rules of Bankruptcy Procedure.  All references to "FRE" are to the Federal Rules of Evidence.

[2] Ramsey had a prior Chapter 13 bankruptcy case, denominated Case No. 20-11877-mkn, that was commenced on April 7, 2020 ("Prior Chapter 13 Case").  On July 21, 2020, an order was entered dismissing the case that included a 180-day bar to filing of another bankruptcy petition.  On November 6, 2020, Ramsey filed a motion to reopen the Prior Chapter 13 Case, but the motion was denied by an order entered on January 4, 2021.  Because the Prior Chapter 13

1

E. Schwartzer ("Trustee").  Ramsey filed her schedules of assets and liabilities ("Schedules") and statement of financial affairs on February 2, 2021.  (ECF No. 23).  On her property Schedule "A/B," she listed as her residence an interest in real property located at 1201 Westlund Drive, Las Vegas, Nevada 89102 ("Residence").  On her exemption Schedule "C," Ramsey claimed a homestead in the Residence under Nevada law.  Prior to the commencement of the Chapter 7 proceeding, however, her claim to a Nevada homestead had been disallowed in a civil action commenced by creditors Eugene Tumbarello and Shamrock Painting, Inc. (collectively, "Tumbarello") in the Eighth Judicial District Court, Clark County, Nevada ("State Court").[3]  In connection with that civil litigation ("State Action"), the State Court also entered a joint and several judgment ("State Judgment") in favor of Tumbarello and against Ramsey and her co-defendant, Gregg Chambers.  The amount of the State Judgment was $221,735.99 and was recorded as a lien against the Residence as well as an adjacent parcel of real property located at 1207 Westlund Drive ("1207 Westlund Property").[4]

On April 13, 2021, an order was entered granting a Chapter 7 discharge.  (ECF No. 59).

On June 21, 2021, an order was entered sustaining Tumbarello's objection to Ramsey's claim to a Nevada homestead exemption in the Residence ("Homestead Objection Order").  (ECF No. 63).  The order was not appealed.[5]

---

Case was dismissed on July 21, 2020, the automatic stay in that proceeding terminated on that date pursuant to Section 362(c)(2)(B).

[3] The court takes judicial notice under FRE 201 of the balance of the materials of public record in the State Action.  See U.S. v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Conde v. Open Door Mktg., LLC, 223 F. Supp.3d 949, 970 n.9 (N.D. Cal. 2017); Gree v. Williams, 2012 WL 3962458, at *1 n.1 (D. Nev. Sept. 7, 2012); Bank of Am., N.A. v. CD-04, Inc. (In re Owner Mgmt. Serv., LLC Trustee Corps.), 530 B.R. 711, 717 (Bankr. C.D. Cal. 2015).

[4] In the State Action, the State Court rejected the claim to a Nevada homestead exemption due to fraud by defendants Ramsey and Chambers in the acquisition of the properties.

[5] Absent an available homestead or other exemption, Ramsey apparently would have no grounds on which to seek avoidance of Tumbarello's judicial lien, if any, under Section 522(f)(1).

1  On August 17, 2021, the Trustee filed and served a notice that assets are available for distribution and setting a deadline of November 15, 2022, for creditors to file proofs of claim. (ECF No. 70).

On August 3, 2022, a disposition was reached in Adversary Proceeding No. 21-01039-mkn, whereby Tumbarello sought a determination that the State Judgment against Ramsey was nondischargeable under Sections 523(a)(2, 4 and 6) ("Tumbarello Adversary Proceeding").  A memorandum decision after trial ("Memorandum Decision") and a separate judgment ("Adversary Judgment") (AECF Nos. 57 and 58) were entered in favor of Ramsey on all claims,[6] thereby permitting a discharge of her personal liability for the amount of the State Judgment.[7]

On August 23, 2022, the Trustee filed an application to employ a real estate broker to market the Residence ("Broker Application").  (ECF No. 73).

On August 26, 2022, an order was entered granting the Broker Application.  (ECF No. 76).

On August 26, 2022, Ramsey filed a motion to convert her Chapter 7 liquidation proceeding to a Chapter 13 debt adjustment proceeding ("Conversion Motion").  (ECF No. 77).

On September 23, 2022, an order was entered denying the Conversion Motion after objections were raised by the Trustee and Tumbarello.  (ECF No. 93).

On November 14, 2022, Tumbarello filed a secured proof of claim in the amount of $226,252.34 ("POC 1-2").

On February 3, 2023, Ramsey filed a Motion to Abandon Real Property Located at 1201 Westlund Drive, Las Vegas, NV 89102 From the Estate and to Stay any Marketing or Sale of

---

[6] The court concluded that Tumbarello had failed to prove by a preponderance of the evidence a claim against Ramsey for actual fraud within the meaning of Section 523(a)(2)(A). See Memorandum Decision at 10:5 to 22:19.

[7] Ramsey's discharge of the amount of the State Judgment only bars Tumbarello from seeking to collect the debt as a personal liability.  See 11 U.S.C. §524(a)(2).  The discharge does not eliminate the debt nor does it void any liens on property securing the debt.  As discussed at note 5, supra, because Ramsey does not have a homestead exemption under Nevada law, she also cannot seek under Section 522(f)(1) to avoid the judicial lien against the Residence created by the State Judgment.

3

This Property ("Abandonment Motion") to prevent the Trustee from further efforts to sell the Residence. (ECF No. 98).

On February 6, 2023, the Trustee filed a Motion for Turnover of Real Property ("Turnover Motion"). (ECF No. 102).

On February 7 and 8, 2023, separate orders were entered shortening time so that both the Abandonment Motion and the Turnover Motion could be heard on an expedited basis on February 15, 2023. (ECF Nos. 105 and 106).

On February 24, 2023, an order was entered denying the Abandonment Motion. (ECF No. 120).

On February 24, 2023, an order was entered granting the Turnover Motion ("Turnover Order"). (ECF No. 122).

On March 8, 2023, a Trustee's Report to Court and Request for Order for Turnover of Property was filed. (ECF No. 126).

On March 30, 2023, a supplemental order was entered on the Turnover Motion ("Supplemental Turnover Order"). (ECF No. 127). That order requires Ramsey to deliver possession of the Residence to the Trustee no later than June 13, 2023, at 5:00 p.m. and to allow the Trustee reasonable access to the Residence to permit inspection and marketing by the Trustee's agents or employees. To allow Ramsey to seek an appellate stay, the Supplemental Turnover Order also denied any request of the bankruptcy court to say the provisions of the order.[8]

On April 20, 2023, the Trustee filed the instant Sale Motion.[9] (ECF No. 130). The Sale Motion seeks permission to sell the Residence to Tumbarello for the purchase price of $450,000 and to close the sale by June 15, 2023.

---

[8] Under FRBP 8002(a)(1), a notice of appeal must be filed within 14 days after entry of a judgment, order, or decree.

[9] Attached to the Sale Motion are copies of various exhibits consisting of excerpts from a title report as well as materials filed in the bankruptcy court and in the State Court. Those exhibits do not include a copy of a signed residential purchase agreement executed by Tumbarello to acquire the Residence.

On May 5, 2023, Ramsey filed an objection to POC 1-2 ("Claim Objection") and noticed the Claim Objection for hearing on June 7, 2023. (ECF Nos. 135 and 136).[10]

On May 8, 2023, Ramsey filed an opposition ("Opposition") to the instant Sale Motion. (ECF No. 139).

On May 11, 2023, the Trustee filed a reply ("Reply") in support of the Sale Motion. (ECF No. 140).

On May 22, 2023, the Trustee filed a supplemental reply ("Supplemental Reply"). (ECF No. 143). The Supplemental Reply represents that the Trustee was given access to the Residence on May 13, 2023, and found seven significant defects.

On May 23, 2023, Tumbarello filed an opposition to the Claim Objection. (ECF No. 145)[11]

## DISCUSSION

The Residence is property of the Chapter 7 estate. The Homestead Objection was sustained. The Broker Application was granted. The Conversion Motion was denied. The Abandonment Motion was denied. The Turnover Motion was granted. The Supplemental Turnover Order was not appeal or stayed. Ramsey has a deadline of June 13, 2023, to deliver possession of the Residence to the Trustee.

The Sale Motion states that the Trustee has received an offer from Tumbarello to purchase the Residence for $450,000, as is and where is, with a closing date of "June 15, 2023,

---

[10] The Claim Objection was filed by attorney Christopher Burke on Ramsey's behalf. Opposition to the Sale Motion was filed by attorney Steven Yarmy on Ramsey's behalf. At the hearing on the Sale Motion, attorney Yarmy stated his belief that after the State Court had rejected Ramsey's homestead claim to the Residence, his client had redeemed the Residence after an execution sale. See also Opposition at 2:1-3. Although Ramsey regained title to the Residence by redemption on or about July 18, 2020, she thereafter re-asserted a homestead exemption under Nevada law. On September 30, 2020, the State Court again denied her homestead exemption. See Homestead Exemption Order at 4:23 to 5:13. In other words, Ramsey's redemption after the first execution sale did nothing to change the State Court's subsequent determination, again rejecting her homestead claim to the Residence. The orders of the State Court have never been stayed or vacated on appeal.

[11] Tumbarello's opposition to the Claim Objection is not accompanied by a separate motion for sanctions. Compare In re Pearson, 2023 WL 182406 (Bankr. D. Utah Feb. 8, 2023).

5

or such later date as the Trustee and Buyer agree." Sale Motion at ¶ 7. The Trustee represents that a sale of the Residence to Tumbarello for $450,000 is reasonable based on "on-line reports" as of May 9, 2023, showing prices ranging from a low of $442,000 to a high of $610,000. See Reply at ¶ 2. He suggests that the bankruptcy estate will be paid a minimum of $25,000. See Sale Motion at ¶ 8.[12] The Trustee also states that if Tumbarello withdraws the $450,000 offer, the Trustee "seeks approval, without further hearing of this Court, to sell the property to a new buyer for a similar or better offer." Id. at ¶ 10. Access to inspect the Residence apparently was not obtained until May 13, 2023, at which time numerous defects in the property were observed. See Supplemental Reply at 1:27 to 2:8.

Ramsey does not dispute the statements made in the Sale Motion. Of course, she does not want the Residence sold by June 15, 2023, nor does she want to vacate the Residence by the existing June 13, 2023 deadline. Ramsey states that she "is requesting sufficient time for an appraisal and/or time to find alternative buyers willing to bid for a larger amount than $450,000." See Opposition at 1:27-28. Ramsey requests that the Sale Motion be denied or at least continued until after the Claim Objection is resolved. Id. at 3:1-2.

In response, the Trustee reiterates that a sale for the $450,000 amount is appropriate. He also maintains that an "alternative to the proposed sale would be to market the Property after the Debtor vacates the Property when the Trustee, the Trustee's realtor and potential buyers would have access to the Property." See Reply at ¶ 9.[13]

The court having considered the written and oral arguments of counsel, as well as the lengthy history of these proceedings, the court will grant the Sale Motion on the conditions set forth below, and for the following reasons.

---

[12] The Trustee also states that "the $6,500.00 payment is the best return to the estate that could be negotiated," see Sale Motion at ¶ 12, which is inconsistent with the $25,000 amount otherwise stated.

[13] At the hearing on the Sale Motion, the Trustee indicated that until a sale is completed, continued occupancy of the Residence is preferred because the 1207 Westlund Property had been damaged or destroyed through arson. Whether there is any available fire or hazard insurance on the Residence is unknown.

First, there is no dispute that the Homestead Objection Order was entered on June 21, 2021, i.e., nearly two years ago, and Ramsey has remained in possession of the Residence.

Second, there is no dispute that the Residence has never been appraised. Because Ramsey has always been in possession of the Residence, there is no dispute that she always has had the opportunity to obtain an appraisal. Inexplicably, she has not done so.

Third, there is no dispute that despite the entry of the Homestead Objection Order, Ramsey has never offered to purchase the Residence from the Trustee and has never offered to refinance the Residence to satisfy the amount owed to the residential lender or the judgment lien in favor of Tumbarello.

Fourth, there is no dispute that the prepetition State Judgment rejecting Ramsey's homestead claim in the Residence was based on a determination of fraud and that the bankruptcy court's judgment in the Tumbarello Adversary Proceeding determined that Tumbarello had failed at trial to prove actual fraud by Ramsey. Neither the State Judgment nor the Adversary Judgment have been reversed, vacated, stayed or modified on appeal.

Fifth, there is no dispute that the Adversary Judgment resulted in the discharge of Ramsey's personal liability for the amount of the State Judgment but did not eliminate the debt owed to Tumbarello nor the judgment lien created in favor of Tumbarello.

Sixth, there is no dispute that this court has no authority to grant relief from the State Judgment and has no authority to under Section 522(f)(1) to avoid the resulting judgment lien.

Seventh, neither the Trustee nor Ramsey have offered evidence that the Residence is declining in value nor that the Residence is increasing in value.

Under these circumstances, allowing the Trustee to close a sale of the Residence after Ramsey vacates the Property by the June 13, 2023 deadline provides the benefits of the very alternative suggested by the Trustee: additional time to market the Residence with superior access to the broker and potential buyers.[14] Moreover, neither the Trustee nor Tumbarello

---

[14] If the Trustee and Ramsey agree to modify the June 13, 2023 deadline so that the Residence remains occupied until the sale closes, they must seek relief from the court's Supplemental Turnover Order.

7

suggests that the current offer of $450,000 to purchase the Residence will be withdrawn if a sale does not close by June 15, 2023.[15]

**IT IS THEREFORE ORDERED** that the Trustee's Motion to Sell Real Property, Pay Commission and Normal Closing Costs (1201 Westlund Drive, Las Vegas, NV 89102) ("Sale Motion"), Docket No. 130, be, and the same hereby is, **GRANTED UNDER THE FOLLOWING CONDITIONS:**

1. The Chapter 7 trustee, Lenard Schwartzer ("Trustee") is authorized under 11 U.S.C. §363 to close a sale of the real property located at 1201 Westlund Drive, Las Vegas, Nevada 89102, to Eugene Tumbarello or his assignees, or to any other purchaser (including Elizabeth Ann Ramsey), on terms equal to or superior to those set forth in the aforementioned Sale Motion. Sale of the subject property on any other terms may be authorized only by separate order of this court.

2. The sale authorized by this order **may close no earlier than June 30, 2023.** No later than fourteen days after close of a sale of the subject property, whenever such sale closes, the Trustee must file a report of the sale with the court.

**IT IS FURTHER ORDERED** that all other terms and conditions set forth in the Supplemental Order on Trustee's Motion for Turnover of Real Property, Docket No. 127, entered on March 30, 2023, remain in effect unless otherwise ordered by this court or by an appropriate appellate court.

**IT IS SO ORDERED.**

Copies sent via BNC to all parties and via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
ELIZABETH ANN RAMSEY
1201 WESTLUND DRIVE
LAS VEGAS, NV 89102

# # #

---

[15] In fact, no signed residential purchase agreement has been provided. See note 9, supra.

8